THE HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JILL ALEXANDER, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY, a corporation doing business in the State of Washington,<br><br>　　　　　　Defendant. | NO.  2:13-CV-01369<br><br>**AMENDED COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW the Plaintiff JILL ALEXANDER, and complains of Defendant as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jill Alexander resides in Kirkland, Washington. She is, and was at all times material to this action, a resident of King County, Washington.

2. Defendant The Boeing Company is a for profit corporation doing business in the State of Washington.

3. Defendant employs more than fifty (50) employees.

4. The court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. Sec. 1331 (federal question), 28 U.S.C. 1332(a)(diversity) and 28 U.S.C. 1343(a)(3) (civil rights actions).

AMENDED COMPLAINT- 1

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

5. The actions alleged herein occurred within the judicial district of the Western District of Washington, and were taken by parties residing or conducting business in King County, Washington. As such, venue is proper in this Court. 28 U.S.C. Sec. 1391(b) (District where the claim arose).

## II. FACTUAL ALLEGATIONS

6. Plaintiff was employed with Defendant from February 16, 1996 to May 3, 2013 when she was terminated.

7. Plaintiff held the full time, permanent position as a Procurement Manager at the time she was terminated.

8. Plaintiff began suffering from a serious health condition and disability, namely severe migraine headaches, in 2011. She requires continuing treatment by her health care provider for this condition.

9. As a result of Plaintiff's migraines, she had to miss between one to three days of work, approximately twice per month.

10. Plaintiff used accrued sick and vacation leave, and leave without pay to cover these absences.

11. In June 2012, Plaintiff received a document from Defendant approving her use of intermittent leave pursuant to the WFLA between June 20, 2012 and December 19, 2012.

12. Plaintiff took WFLA leave between June 25 and 27, 2012.

13. On or about June 28, 2012, Plaintiff received notice from Defendant that her absence on June 25, 2012 was not approved for WFLA leave. Defendant's letter indicated that she was denied leave due to "notified untimely".

14. Defendant imposed disciplinary action on Plaintiff for her use of leave protected by the WFLA.

15. In January 2013, Plaintiff was absent for three days due to her disability and serious

medical condition, migraines.

16. Plaintiff was initially assured that the leave would be protected by the WFLA. After taking the leave, however, Defendant told Plaintiff that the leave was not approved under the WFLA because she had not accrued 1250 hours in the previous year.

17. Defendant imposed discipline of a five day suspension without pay for Plaintiff's use of medical leave in January 2013.

18. In April 2013, Plaintiff's physician wrote a letter to Defendant stating: "One of her primary issues is the unpredictable nature of migraine headaches and interference with work.  these (sic) are severe rendering her incapable of working during a migraine attack. … It is my opinion that acomodations (sic) can be made for her during this difficult to control headache disorder."

19. At no time did Defendant offer Plaintiff an accommodation for her disability and serious health condition.  Nor did Defendant engage in an interactive discussion with Plaintiff regarding her disability and possible accommodations.

20. Defendant suggested that Plaintiff step down from her management position due to her disability and serious health condition.

21. Plaintiff took an unpaid leave of absence between January 30, 2013 and April 26, 2013.

22. Defendant advised Plaintiff that her five day unpaid suspension would run consecutive to her leave of absence, beginning on April 29, 2013 and ending on May 3, 2013. Plaintiff was not to report to work during her suspension.

23. Plaintiff decided to extend her leave of absence based upon her doctor's recommendation.

24. On or about April 18, 2013, Plaintiff received a letter from Defendant indicating that "[t]o extend you leave, your health care provider must complete and sign the enclosed Medical

AMENDED COMPLAINT- 3

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

Certification form and fax it …. **no later than 05/03/2013.**" (emphasis in the original).

25. Based upon Defendant's representations, Plaintiff believed that she had at least until May 3, 2013 to either return to work or report to her manager.

26. On May 3, 2013, Plaintiff received a telephone call from Defendant advising her that her employment had been terminated for "abandonment".

### III.  CAUSES OF ACTION

Plaintiff realleges and incorporates the allegations above to each of the following:

**1.  Failure to Accommodate.**  Defendant failed to provide a reasonable accommodation for Plaintiff's disability and failed to engage in the interactive process in violation of the Washington Law Against Discrimination, RCW 49.60.180.  As a proximate result of Defendant's discrimination, Plaintiff has been damaged in amounts to be proven at trial.

**2.  Interference with Rights Under the Washington Family Medical Leave Act (WFMLA) and the Family and Medical Leave Act (FMLA).**  Defendant interfered with Plaintiff's protected medical leaves in violation of the WFMLA, RCW 49.78.300 and the FMLA, 29 U.S.C. 2601 *et seq.*

**3.  Discrimination and Wrongful Termination.** Defendant discriminated against Plaintiff because of her disability, serious health condition and her protected medical leaves of absence.  Defendant wrongfully terminated Plaintiff's employment because of her disability, serious health condition and her protected medical leaves of absence.   Defendant's actions violated the Washington Family Leave Act, RCW 49.78.300, the Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.*  and the Washington Law Against Discrimination, RCW 49.60.210.  As a proximate result of Defendant's discrimination against Plaintiff and wrongful termination of her employment, she has been damaged in amounts to be proven at trial.

**4.  Other Claims:**  Plaintiff reserves the right to conduct discovery into alternative

claims and additional defendants and to amend these charges as necessary.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages as appropriate to compensate for such injuries, as described above, under law as appropriate, including:

1. Lost past wages and the value of benefits;

2. "Front pay" and benefits through the time of trial and for a reasonable period into the future;

3. Liquidated damages pursuant to the Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.* and the Washington Family Leave Act, RCW 49.78.330;

4. Prejudgment interest;

5. Damages for humiliation, loss of enjoyment of life, pain and suffering, personal indignity, embarrassment, fear, sadness, anger, anxiety, anguish and other forms of emotional distress they have experienced, in amounts to be proven at trial;

6. All other available actual damages pursuant to Chapter 49.60 RCW, Chapter 49.78 RCW, 29 U.S.C. 2601 *et seq.* and other applicable law;

7. That the Court award attorneys' fees and actual costs; and

8. For such other and further relief as the Court deems just and equitable.

## V.  JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact in this case.

DATED this _5th___ day of _____, 2013.

[signature]

Reba Weiss, WSBA #12876
Andrea Scheele, WSBA # 36773
Teller & Associates
Attorneys for Plaintiffs

**AMENDED COMPLAINT- 5**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**AMENDED COMPLAINT- 6**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172