THE HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JILL ALEXANDER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY, a corporation doing business in the State of Washington,<br><br>Defendant. | NO. 2:13-CV-01369<br><br>**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL MEDICAL RECORDS**<br><br>**NOTED: OCTOBER 4, 2013** |

## INTRODUCTION

Plaintiff, Jill Alexander, respectfully moves this Court for a Protective Order and an Order Quashing Subpoenas which would limit Defendant's access to her medical records to the past five (5) years and prohibit the disclosure of her psychological and/or psychiatric records. Counsel for the parties have conferred in accordance with Federal Rule of Civil Procedure 37. Unfortunately, the parties were unable to reach an agreement. Weiss Dec.

Plaintiff further requests that the Court enter an Order sealing Plaintiff's medical records. Defendant has advised that it intends to file Plaintiff's medical records as exhibits to its response to this motion. Medical Records are inherently private and confidential and Plaintiff has not waived her privilege with respect to them. The parties have also conferred on

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 1**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

this issue and were unable to reach agreement. Plaintiff requests an award of attorney's fees for bringing this motion, which should have been unnecessary.

## **FACTS**[1]

Plaintiff was employed with Defendant for approximately seventeen (17) years until she was involuntarily terminated on May 3, 2013. Plaintiff held a full time, permanent position as a Procurement Manager at the time of her termination.

Plaintiff suffers from a serious health condition and disability, namely migraine headaches. She requires continuing treatment from her health care providers for this condition. During the relevant years, 2011 -2013, Plaintiff missed approximately one to three days of work twice per month, and sometimes more, due to her disability. Plaintiff used accrued sick and vacation leave, short term disability and leave without pay to cover these absences.

In June 2012, Plaintiff received a document from Defendant approving her use of intermittent leave pursuant to the Washington Family Leave Act ("WFLA") and the Family and Medical Leave Act ("FMLA") between June 20, 2012 and December 19, 2012. Relying upon the representation that she was approved for leave, Plaintiff took WFLA/FMLA leave between June 25 and 27, 2012. On or about June 28, 2012, Plaintiff received notice from Defendant that her absence on June 25, 2012 was not approved for WFLA/FMLA leave. Defendant's letter indicated that she was denied leave due to "notified untimely". Defendant imposed disciplinary action on Plaintiff for her use of leave protected by the WFLA/FMLA.

In January 2013, Plaintiff was absent for three days due to her disability and serious medical condition, migraines. Plaintiff was initially assured that the leave would be protected by the WFLA/FMLA. After taking the leave, however, Defendant told Plaintiff that the leave

---

[1] The substantive facts are set forth in Plaintiff's Complaint.

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 2**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

was not protected under the WFLA/FMLA because she had not accrued 1250 hours in the previous year. Defendant imposed discipline of a five day suspension without pay for Plaintiff's use of medical leave in January 2013.

In April 2013, Plaintiff's physician wrote a letter to Defendant stating:

> One of her primary issues is the unpredictable nature of migraine headaches and interference with work. these (sic) are severe rendering her incapable of working during a migraine attack. … It is my opinion that acomodations (sic) can be made for her during this difficult to control headache disorder.

Weiss Dec., Ex. A. At no time between 2011 and 2013 did Defendant offer Plaintiff an accommodation for her disability and serious health condition. Nor did Defendant engage in an interactive discussion with Plaintiff regarding her disability and possible accommodations. Instead, Defendant suggested that Plaintiff step down from her management position due to her disability and serious health condition.

Plaintiff took an unpaid leave of absence between January 30, 2013 and April 26, 2013. Defendant advised Plaintiff that her five day unpaid suspension would run consecutive to her leave, beginning on April 29, 2013 and ending on May 3, 2013. Plaintiff was not to report to work during her suspension.

Plaintiff decided to extend her leave of absence based upon her doctor's recommendation. On or about April 18, 2013, Plaintiff received a letter from Defendant indicating that "[t]o extend your leave, your health care provider must complete and sign the enclosed Medical Certification form and fax it …. **no later than 05/03/2013.**" (emphasis in the original). Based upon this and Defendant's representations that her suspension ran from April 29 to May 3, 2013, Plaintiff believed that even if she did not extend her unpaid leave per her doctor's instruction, she should not return to work at least until May 3, 2013. On May 3, 2013,

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 3**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

Plaintiff received a telephone call from Defendant advising her that her employment had been terminated for "abandonment".

Plaintiff has brought causes of action for interference with rights under the Family and Medical Leave Act (FMLA) and the Washington Family Leave Act (WFLA); failure to accommodate in violation of the Washington Law Against Discrimination (WLAD), and discrimination and wrongful termination in violation of these statutes. Plaintiff has incurred damages including wage loss, "garden variety" emotional distress, liquidated damages, attorney's fees and costs.

Defendant initially sent a medical release form to Plaintiff which would have released her medical records without any limitation whatsoever. See Weiss Dec., Ex. B. Upon objection to this overbroad release, Defendant proposed that Plaintiff agree to release her medical records for the past ten years, including psychological and psychiatric records. Plaintiff proposed a three year limit and when Defendant was not responsive to this proposal, Plaintiff offered to agree to a five (5) year limit for medical records, excluding psychological and psychiatric records. Defendant rejected that offer. It demands a 10 year release of all medical records, including psychological and psychiatric records. Weiss Dec.

On September 17, 2013, Defendant issued letters providing Notice of Intent to Subpoena Medical Records, including psychiatric and psychological records, to nine (9) of Plaintiff's physicians, seeking records for the past ten years. See Weiss Dec, Ex. C. Plaintiff objects to this overbroad subpoena and therefore brings this motion.[2]

---

[2] Plaintiff has written to the providers, indicating her objection and asking that they wait until they receive an Order from this Court before providing records.

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 4**

Finally, Defendant refuses to cooperate regarding the public disclosure of Plaintiff's medical records in the Court file. Defendant has in its possession confidential medical records obtained during the course of Plaintiff's employment. On September 20, 2013, Defendant indicated that, in its response to Plaintiff's motion, it will file exhibits containing some of these medical records. Defendant will not agree to mark those records confidential or file them under seal without an order from the court. Weiss Dec.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure 26(c) provides that a party may obtain a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c) (1)(D). Fed. R. Civ. P. 45(c)(3)(A)(iii) provides that the court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Plaintiff respectfully requests that the Court order that disclosure of her medical records, excluding psychiatric and/or psychological records, be limited to the past five (5) years. Plaintiff further requests that the Court order Defendant to file her medical records under seal.

 1. *The federal common law of privileges governs because the information sought is relevant to both state and federal claims.*

In federal question cases where a plaintiff raises pendent state claims, and the information sought is relevant to both the state and federal claims, the federal common law of privileges will govern. Perrignon v. Bergen Brunswig Corp., 777 F.R.D. 455, 459 (N.D. Cal. 1978). *See also,* Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367 n.10 (9th Cir. 1992) (the federal courts will recognize state privileges only in cases in which state law supplies the

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 5**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

rule of decision); Zamorano v. Wayne State Univ., 2008 WL 2067005 (E.D. Mich. May 15, 2008) (even in a case where the plaintiffs are alleging violations of state law in addition to violations of federal law, federal courts look to federal law to determine the applicable privileges); Lahrichi v. Lumera Corp., 2005 WL 2898145 (W.D. Wash. 2005)(federal privilege law applies where court exercises supplemental jurisdiction over pendent state law claims).

Plaintiff has alleged violations of a federal statute, FMLA, as well as pendent state claims, WFLA and WLAD. Pursuant to Religious Tech. Ctr. v. Wollersheim, and other cited cases, the federal rule of privileges applies where there are federal and pendent state claims. Therefore, the federal law of privileges applies in this instance.

2. *Plaintiff has claimed only "garden variety" emotional distress. Therefore, pursuant to the federal privilege rule, her psychological records are not discoverable.*

The U.S. Supreme Court formally recognized the psychotherapist-patient privilege in Jaffee v. Redmond, 518 U.S. 1 (1996), holding that "[c]onfidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure[.]" Jaffee, 518 U.S. 1 at 15. The Supreme Court in Jaffee stated that a patient may waive the psychotherapist-patient privilege, Jaffee, 518 U.S. at 15, n. 4, but did not address whether a plaintiff waives the privilege by claiming emotional distress damages.

District Courts within the Ninth Circuit apply either a "broad approach" or a "narrow approach" to waiver. Courts taking the narrow approach have found that where, as here, a plaintiff alleges only "garden variety" emotional distress damages (*i.e.*, where plaintiffs do not assert that defendants' discrimination caused any specific mental or medical conditions), without relying on medical records or medical expert testimony for proof at trial, the psychotherapist-patient privilege is not waived. *See, e.g.,* Fitzgerald v. Cassil, 216 F.R.D. 632

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 6**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969 Fax: 860-3172

(N.D. Cal. 2003). By contrast, under the "broad approach," courts have held that a simple allegation of emotional distress constitutes waiver. *See, e.g.,* Doe v. City of Chula Vista, 196 F.R.D. 562 (S.D. Cal. 1999).

District Courts in the Ninth Circuit determine whether to apply the narrow or broad approach to waiver on a case-by-case basis. Two cases support the application of the narrow approach in this case. In EEOC v. California Psychiatric Transitions, 258 F.R.D. 391 (E.D. Cal. 2009), the court applied the broad approach and required a plaintiff asserting sexual harassment and retaliation claims under Title VII to produce her medical records where (1) the only remedy the EEOC was seeking on behalf of the plaintiff was emotional distress damages resulting from the alleged harassment and (2) the plaintiff was being treated for her diagnosed clinical depression, suggesting a possible "multiple causation" issue. California Psychiatric Transitions, 258 F.R.D. at 400 ("[t]he emotional distress [Plaintiff] allegedly suffered as a result of the sexual harassment could have been affected by her depression and vice versa.").

The Eastern District of Washington applied the narrow approach to waiver in a case where the only compensatory damages sought by the EEOC on the claimant's behalf were for emotional distress. *See* EEOC v. Wal-Mart Stores, Inc., 276 F.R.D. 637, (E.D. Wash. 2011). The court distinguished California Psychiatric Transitions because in that case, "[the] plaintiff claiming Title VII discrimination was also being treated for depression, so multiple causation was clearly an issue…" Wal-Mart Stores, 276 F.R.D. at 641. Finding no such "multiple causation" issues in the case before it, the court went on to apply the narrow approach to waiver:

> This Court finds that the "narrow" approach referenced above is the appropriate manner to determine if Plaintiff waived Mr. Nichols' privilege. *See Fitzgerald,* 216 F.R.D. at 639. Applying that approach, in light of the garden-variety emotional

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 7**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969   Fax: 860-3172

distress damages claimed by Plaintiff's amended complaint and Plaintiff's intention to support those damages through evidence other than medical records or expert testimony, Plaintiff has not waived the privilege attaching to Mr. Nichols' communications with his physicians and/or psychotherapists. Furthermore, there is no affirmative reliance by Plaintiff on the privileged communications that would support Defendant's discovery request. Consequently, the Court declines to compel Plaintiff to produce any medical records at this time.

E.E.O.C. v. Wal-Mart Stores, Inc., 276 F.R.D. 637, 641 (E.D. Wash. 2011).

Plaintiff likewise has no multiple causation issues. Between 2011 and 2013, she has not been diagnosed with, nor sought treatment for, any psychological conditions that might have affected the emotional distress that she suffered as a result of Defendant's wrongful conduct in 2013. Alexander Dec. Plaintiff does not intend to rely upon medical testimony or records to support her allegation of emotional distress. Weiss Dec. Accordingly, the court should apply the narrow approach to waiver and preclude discovery of Plaintiff's psychological and psychiatric records.

Application of the psychotherapist-patient privilege will not cause undue prejudice to Defendant. "The defendant has numerous avenues through which it can make its case without delving into the plaintiff's confidential communications." Fitzgerald v. Cassil, 216 F.R.D. 632, 638 (N.D. Cal. 2013). Defendant can cross-examine Plaintiff about other contributing factors that may have affected her emotional state; it can examine percipient witnesses; or it may elicit that the plaintiff did not seek therapy or treatment after being wrongfully terminated. *See, id*. at 638.

In sum, plaintiff's psychotherapy records are privileged. The privilege has not been waived because Plaintiff has alleged only "garden variety" emotional distress and does not intend to rely upon medical testimony or records in support of her claim of emotional distress.

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 8**

The court should grant Plaintiff's motion for protective order and prohibit the production of any of plaintiff's psychotherapy records, regardless of time frame.[3]

### 3. *Defendant's subpoena of Plaintiff's medical records for the past 10 years is overbroad and should be limited to the past 5 years.*

Plaintiff's allegations are limited to the years 2011-2013. There is no good reason for Defendant to obtain her psychological or medical records dating back to 2003. This tactic is nothing more than a "fishing expedition" and should not be condoned.

Because Plaintiff has alleged a disability and serious health condition, Plaintiff acknowledges that some of her records are relevant and discoverable. Plaintiff, in an attempt to compromise, has offered to release her records dating back five (5) years, but Defendant insists upon records dating back ten years. Plaintiff asks that the Court limit Defendant to review of five (5) years' records of Plaintiff's physical treatment only. Defendant cannot articulate a reason why it requires the release of ten years of medical and psychological records because there is no good reason to do so. The court should issue a protective order limiting the production of Plaintiff's medical records to the past five years.

### 4. *The Court should order Defendant to file Plaintiff's medical records under seal because they contain confidential information.*

Whether or not Plaintiff's records are privileged from disclosure to Defendant, they are sensitive and confidential documents. Defendant has nevertheless advised that it intends to file Plaintiff's medical records as an exhibit in response to this motion without any protection

---

[3] Defendant has subpoenaed both psychological records and psychiatric records dating back ten years. Plaintiff's former psychiatrist, however, has informed her that he has no records dating back ten years and that he destroys records after seven (7) years. Weiss Dec.

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 9**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

whatsoever.  Defendant refuses to acknowledge that Plaintiff's medical records are confidential. Weiss Dec., Ex. D.

Psychotherapy records are confidential and privileged pursuant to <u>Jaffee v. Redmond</u>, 518 U.S. 1 (1996).  Medical records are confidential and privileged pursuant to a number of cases, including <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d 1172, 1186 (9th Cir. 2006)(denying motion to seal records except for medical records); <u>Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC)</u>, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010)("The need to protect medical privacy qualifies as a 'compelling reason' that overcomes the presumption of public access to judicial records"); <u>Lombardi v. TriWest Healthcare Alliance Corp.</u>, CV 08–02381, 2009 WL 1212170, at *1 (D.Ariz. May 4, 2009) (allowing defendant to file under seal exhibits containing "sensitive personal and medical information") (citing <u>Kamakana</u>, 447 F.3d at 1179).

Plaintiff's medical records are plainly confidential. Defendant's refusal to file Plaintiff's medical records under seal evidences bad faith on the part of Defendant.  The Court should order Defendant to file Plaintiff's medical records under seal.

5. *Plaintiff should be awarded fees for bringing this motion.*

Plaintiff should not have had to bring this motion where it is clear that medical records dating back to 2003 are irrelevant and not likely to lead to the discovery of admissible evidence.  Furthermore, it is clear that under federal law, a claim of "garden variety" emotional distress does not lead to the waiver of the psychotherapist – patient privilege.   Plaintiff does not intend on offering medical evidence or records in support of her emotional distress claim. She does not currently have a psychiatric diagnosis nor is she in therapy.  Therefore, there is no evidence to support Defendant's contention that Plaintiff has waived her privilege.   Plaintiff respectfully requests that the Court order payment of attorney fees for bringing this motion.

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 10**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

## CONCLUSION

Plaintiff has alleged only "garden variety" emotional distress. She does not intend to offer medical testimony or records to support her claim of emotional distress resulting from Defendant's bad conduct. *Fitzgerald v. Cassil,* 216 F.R.D. 632 (N.D. Cal. 2013). It is clear that given these facts, Plaintiff has not waived that privilege.

Plaintiff has agreed to produce the past five years of other medical records but Defendant insists on the past ten years. There is no good reason that Defendant should obtain Plaintiff's medical records dating back ten years. The Court should limit production of Plaintiff's medical records to the past five years.

Plaintiff's medical records are clearly confidential and should be filed under seal. Defendant refuses to do so unless so ordered by the Court. Plaintiff respectfully urges the Court to issue an order requiring Defendant to file Plaintiff's medical records under seal.

Finally, Plaintiff requests that she be awarded attorney's fees for bringing this motion.

Respectfully submitted this 26th day of September, 2013.

Reba Weiss, WSBA #12876
Teller & Associates
Attorneys for Plaintiff

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 11**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

CERTIFICATE OF SERVICE

On September 26, 2013, I caused to be served via Email, upon counsel of record at the address stated below, a true and correct copy of Plaintiff's Motion For Protective Order and Motion to Seal:

> James Sanders
> Perkins Coie, LLP
> 1201 Third Avenue, Suite 4900
> Seattle, WA 98101-3099
> JSanders@perkinscoie.com
>
> Attorneys for Defendant

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 26th day of September, 2013.

*[signature]*

Reba Weiss, WSBA #12876
Teller & Associates
Attorneys for Plaintiffs

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL- 12**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969 Fax: 860-3172