HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILL ALEXANDER,

    Plaintiff,

v.

THE BOEING COMPANY,

    Defendant.

CASE NO. C13-1369RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff Jill Alexander's motion for a protective order and Defendant The Boeing Company's motion to seal. No one has requested oral argument and the court finds oral argument unnecessary. For the reasons stated herein, the court GRANTS the motion for protective order. Dkt. # 11. The court also GRANTS the motion to seal (Dkt. # 12), although Boeing must submit additional documents by October 25, 2013, in accordance with this order.

## II. BACKGROUND

Ms. Alexander worked at Boeing for about seventeen years, until Boeing fired her this May. Ms. Alexander suffers from chronic migraine headaches, which she contends constitute a disability. She claims not only that Boeing failed to reasonably accommodate her disability, but that it fired her after misleading her about whether she could continue to take medical leave. She sued initially in King County Superior Court,

ORDER – 1

invoking the Washington Law Against Discrimination and the Washington Family Leave Act. After Boeing removed the case to this court, she added a claim invoking the federal Family and Medical Leave Act.

Discovery began and the parties attempted to negotiate discovery into Ms. Alexander's medical records. Ms. Alexander is willing to permit discovery into her records for the five years before she sued in July; Boeing wants records reaching back ten years. The parties could not resolve their impasse, and Boeing last month issued notices of its intent to issue subpoenas to nine of Ms. Alexander's medical providers. Each of those notices advised the targeted provider of Boeing's intent to subpoena all medical records from 2003 or later. Ms. Alexander moved for a protective order.[1] Boeing relied on some of her medical records in responding to her motion, and has moved to seal those records.

Civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A discovery request need not call for evidence that would be admissible at trial, so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A party can seek a protective order to limit discovery, which the court may grant if the party demonstrates the need for protection from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1); *Rivera v. NIBCO, Inc.*, 364 F. 3d 1057, 1063 (9th Cir. 2004) ("The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery."). The court must limit discovery where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties'

---

[1] Boeing issued notices of its intent to issue subpoenas in compliance with RCW 70.20.060(1), which requires notice to a medical provider at least fourteen days in advance of a subpoena. The court assumes that Boeing has not issued subpoenas, pending the resolution of Ms. Alexander's motion for a protective order.

ORDER – 2

resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

The purpose of Ms. Alexander's motion is to prevent discovery into her mental health treatment. She declares that she has not received mental health treatment in the past five years, and Boeing does not dispute her evidence.

Boeing contends that older mental health records are relevant based on Ms. Alexander's employment history. The record reveals that Ms. Alexander intermittently missed work (because of her headaches, in her view) beginning in 2012 and continuing until her termination. For many years prior to 2012, Ms. Alexander's headaches apparently did not interfere materially with her work at Boeing. Neither Boeing nor Ms. Alexander contend that her headaches caused her to miss any work from 2005 through 2011. In 2003 and 2004, however, Boeing permitted Ms. Alexander to take two medical leaves totaling 10 months. Medical records in Ms. Alexander's personnel file show that she took this leave for a variety of reasons, including her headaches, depression, post-traumatic stress disorder, and more. Those records, plus records that Boeing subpoenaed from its third-party leave administrator, suggest that *during that time*, at least one medical provider found Ms. Alexander's headaches and her mental health to be closely related causes of her disabling symptoms. Luschei Decl. (Dkt. # 18) at 18. In Boeing's view, it is entitled to inquire into her nearly decade-old mental health records because they may help it demonstrate that her more recent absences are also not solely the result of her headaches, but also mental health conditions. The records may also, according to Boeing, help it demonstrate that the emotional distress that Ms. Alexander claims as damages has causes other than Boeing's conduct.

The parties' arguments focus extensively on whether any privilege protects Ms. Alexander's mental health records, arguments that turn in part on choice-of-law issues arising from Ms. Alexander's mixed federal- and state-law claims. For reasons that the

ORDER – 3

court will soon discuss, the court need not resolve any question of privilege today. Should those issues arise again, Ms. Alexander ought to consider whether any court would permit her to selectively present her medical records when they benefit her (as she has done in her motion) but to claim a privilege preventing Boeing from further inquiring into her medical history.

The court can resolve this motion solely by comparing the marginal relevance of the records Boeing seeks against the impact their disclosure would have on Ms. Alexander. As to the latter consideration, no one seriously questions that the exposure of mental health treatment records is not to be taken lightly.

As to relevance, Ms. Alexander has properly questioned how the records Boeing seeks will lead to the discovery of admissible evidence. The court assumes for purposes of this motion that Boeing has demonstrated that Ms. Alexander's leaves of absence in 2003 and 2004 were due not only to her headaches, but to her mental health. Boeing is free to speculate that her more recent absences from work have the same causes, but on this record, that is ungrounded speculation. Boeing points to no current evidence that Ms. Alexander is suffering from a mental health condition. It does not contest that she has not received mental health treatment in at least five years. It offers no opinion from a qualified medical professional that there is reason to suspect a current or recent mental health condition. The supposition of lawyers is no substitute for medical opinion.

Like virtually all employment-law plaintiffs, Ms. Alexander seeks damages for emotional distress as a result of her treatment by Boeing. Boeing is entitled to inquire into whether her emotional distress results from other causes (like a mental health condition) that she cannot attribute to Boeing. But on this record, an inquiry into mental health records that are more than a decade old is too far afield from an inquiry into the causes of her more recent emotional distress.

ORDER – 4

The court will not permit Boeing to seek discovery of medical records from more than five years prior to the date Ms. Alexander sued. No one should misconstrue this prohibition on discovery of medical records as a prohibition on making inquiries into Ms. Alexander's mental health, even inquiries that stretch back as far as a decade. Boeing may, for example, ask Ms. Alexander appropriate questions at a deposition about her mental health, including her mental health in 2004. Should those questions, or other discovery, reveal a better reason for obtaining old medical records, Boeing may revisit the issue.

Both parties request that the court award attorney fees for bringing (or in Boeing's case, opposing) this motion. The court must award attorney fees to a party who successfully moves for a protective order, unless that party failed to meet and confer in good faith before filing the motion, the opposing party's position was "substantially justified," or other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see also* Fed. R. Civ. P. 26(c)(3) (declaring that with respect to a motion for a protective order, "Rule 37(a)(5) applies to the award of expenses").

Although it is a close question, the court declines to award Ms. Alexander attorney fees. Boeing had at least a colorable argument that Ms. Alexander's old medical records were relevant. Ms. Alexander, moreover, focused her argument in favor of protecting the older records on a dubious assertion or privilege, rather than the relevance of the documents Boeing sought. The court encourages both parties to improve their communication about discovery issues, with the hope of avoiding motions like these. For now, the court will not impose fees.

Finally, the court turns to Boeing's motion to seal. It asks the court to seal two exhibits consisting of medical records from Ms. Alexander's personnel file and records from its leave administrator that reveal medical information about Ms. Alexander. That motion was an appropriate recognition of Ms. Alexander's right to present arguments in

ORDER – 5

favor of sealing documents, and the court rejects Ms. Alexander's contention that Boeing did something improper by informing her that only the court could decide whether the documents would remain under seal. Boeing did nothing but restate portions of this District's local rules, which make clear that the parties' stipulation alone is no basis to keep a document under seal. Local Rules W.D. Wash. LCR 5(g), 26(c)(2).

The local rules, specifically LCR 5(g), acknowledge the "strong presumption of public access to the court's files." LCR 5(g). For a non-dispositive motion like this one, a party need only show "good cause" for maintaining a document under seal. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Even though Ms. Alexander did not respond to the motion to seal, the court finds good cause to seal the two exhibits to Boeing's declarations that contain Ms. Alexander's medical records. Ms. Alexander's motion, in which she decried what she anticipated would be Boeing's decision to file some of her old medical records, suffices to demonstrate the impact of disclosure of those records.

Boeing did not follow the portion of the court's local rules that requires it to separate documents filed under sealed from documents that do not require protection. LCR 5(g)(4). It filed two entire declarations under seal, even though only single exhibit to each of those motions was the subject of its motion to seal. It also filed its entire opposition to Ms. Alexander's motion for protective order under seal, rather than merely redacting sensitive information and filing separate redacted and sealed versions of the opposition. LCR 5(g)(5). The court will keep each of these three documents under seal, but Boeing must file new documents that comply with the local rules. It must file a separate redacted version of its motion to seal. It must also publicly file versions of each of its declarations, eliminating only the exhibits that the court has permitted to be sealed, in accordance with court rules.

ORDER – 6

Should the parties' future submissions to the court require them to move to seal some documents, the court expects them both to comply with LCR 5(g). The court will consider sanctions for any party who does not comply.

### III. CONCLUSION

For the reasons stated herein, the court GRANTS the motion for protective order. Dkt. # 11. Boeing may not obtain discovery of any medical records (including records of mental health treatment) that predate the filing of this lawsuit by more than five years.

The court GRANTS Boeing's motion to seal (Dkt. # 12), but orders Boeing to publicly file the three documents described in this order no later than October 25, 2013.

DATED this 18th day of October, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7