HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILL ALEXANDER,

    Plaintiff,

  v.

THE BOEING COMPANY,

    Defendant.

CASE NO. C13-1369RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendant's expedited motion to compel. Dkt. # 35. The parties briefed that motion on shortened time after they contacted the court on April 18 to request a telephonic motion. As stated herein, the court GRANTS the motion in part.

## II.  BACKGROUND & ANALYSIS

Defendant ("Boeing") seeks to compel Plaintiff Jill Alexander to respond to a single interrogatory. That interrogatory was part of a set written discovery that Boeing propounded on March 17, 2014. Ms. Alexander's responses were not due until April 17. She responded on April 15. She provided no substantive answer to an interrogatory that asked her to provide information about a number of transactions reflected in bank statements from her primary checking account. Boeing wants more information about transactions that took place (or appear to have taken place) on days when Ms. Alexander

ORDER – 1

was absent from work because of the migraine headaches that are the basis of the disability discrimination claim at the heart of this case.

The court first considers whether Boeing's motion is timely. The answer to that question is that the timeliness of the motion is within the discretion of the court. The court's November 12, 2013 scheduling order (Dkt. # 24) set April 21 as the date on which discovery closed, and ordered all motions related to discovery to be noted no later than the Friday before the close of discovery. For a typical motion to compel discovery, that would mean filing the motion no later than April 3. Local Rules W.D. Wash. LCR 7(d)(3) (requiring motions not otherwise specified to be noted for no sooner than the third Friday following their filing). But a typical motion to compel discovery is not the only option for a party seeking to resolve a discovery dispute. A motion for a protective order, for example, can be noted just two Fridays following its filing. LCR 7(d)(2)(B). If the parties agree to use the expedited motion procedure of LCR 37(a)(2), they may note their motion for the same day they file it. Finally, there is the option Boeing chose – a telephonic motion. The District's rules permit "any party" to request a telephonic motion, but they declare that "[w]hether such telephonic motions will be considered, what procedural requirements will be imposed, and the type of relief granted are within the sole discretion of the court." LCR 7(i). In short, the court has discretion to deem Boeing's telephonic motion noted for the day Boeing requested it, April 18, which is the Friday preceding the close of discovery.

Mitigating against the court's exercise of discretion in Boeing's favor is that it is Boeing's fault that it did not seek relief sooner. Boeing dawdled during discovery. It had the bank records it needed no later than February 19, and there is no indication that it could not have obtained them sooner in the exercise of reasonable diligence. Even if

ORDER – 2

there were such evidence, Boeing need not have spent most of a month preparing simple discovery requests inquiring into those banking records.[1]

Mitigating in favor of an exercise of discretion in Boeing's favor is the court's preference for deciding cases on their merits and that Ms. Alexander's refusal to answer the interrogatory is unjustifiable. The interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) (defining scope of discovery). Depending on Ms. Alexander's response, Boeing may be able to demonstrate that her disability was not as debilitating as she claims or (as Ms. Alexander herself pointed out in her response to the motion) Boeing may be able to use a so-called "after-acquired evidence" defense to limit its damages. Ms. Alexander protests that no Boeing witnesses have suggested that they suspect her of malingering, but that is not the point. The evidence Boeing has now discovered at least gives it reason to inquire further to determine if she was malingering.

Accordingly, the court will deem Boeing's telephonic motion to be noted for the day it requested it, April 18, which is the last day on which a discovery motion could have been timely noted. In reaching that decision, the court cautions Boeing that it should not interpret this order to suggest anything other than the court's disappointment with its eleventh-hour motion and the choices that led to that motion. Both the court's and the parties' resources are better spent than by dealing with manufactured emergencies.

Ms. Alexander correctly points out that the interrogatory is unduly burdensome. Boeing has highlighted nearly a hundred bank transactions, including some that would seem to be of little or no relevance. Online purchases and balance transfers, for example,

---

[1] Ms. Alexander argues that the court ought to deny Boeing's motion because its counsel inadvertently failed to file his declaration with his motion, because Boeing filed a declaration and exhibits in addition to the three-page brief the court permitted, and because Boeing allegedly filed its motion to "distract" Plaintiff from Boeing's pending summary judgment motion. The court finds no merit in any of these arguments.

ORDER – 3

would seem to have little illuminating value.  Moreover, Boeing has strangely insisted that Ms. Alexander provide, in her response, information (like the date and time of the transaction) that is already contained in the bank statements.

The court accordingly orders as follows:

1) Boeing shall, no later than noon on April 25, choose 20 transactions from the records it provided to the court, and shall notify Ms. Alexander of its choices.
2) As to those transactions only, Ms. Alexander shall state (1) whether she (as opposed to someone else with access to her bank account) made the transaction; (2) if she made the transaction, where she was physically located when she made it; (3) whether she believes that her participation in the transaction occurred on a date other than the withdrawal date listed in the bank statement; and (4) a brief description of the good or service she purchased.
3) Ms. Alexander's answer need only be based on her memory and on any information within her immediate control.  This order does not require her to seek information in the control of third parties or to engage in additional discovery.

### III.  CONCLUSION

As stated above, the court GRANTS Boeing's motion to compel (Dkt. # 35) solely to the extent stated above.

DATED this 23rd day of April, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4