HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILL ALEXANDER,

        Plaintiff,

   v.

THE BOEING COMPANY,

        Defendant.

CASE NO. C13-1369 RAJ

ORDER

This matter comes before the court on plaintiff Jill Alexander's motions *in limine*.[1] Dkt. # 46. Plaintiff failed to meet and confer with defendant prior to filing the motions, in violation of Local Civil Rule ("LCR") 7(d)(4). On August 4, 2014, the court ordered plaintiff to address whether the court should strike her motions, or otherwise sanction her and/or counsel for violating LCR 7(d)(4). Plaintiff responded on August 8, requesting that she withdraw her motion *in limine* numbers 2 and 10. Accordingly, the court deems

---

[1] Defendant did not file any motions *in limine*.

ORDER- 1

these two motions withdrawn. The court will reserve its determination regarding whether it will sanction counsel for plaintiff until after the pre-trial conference.  Defendant should be prepared to provide the court with a reasonable estimate, and supporting documentation, of the attorney's fees incurred as a result of plaintiff's failure to meet and confer prior to filing the motions, and should meet and confer with plaintiff regarding whether the time spent and amount is reasonable.[2]

The court notes that the findings and conclusions regarding the motions *in limine*, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented.  Subject to these principles, the court rules as follows for the guidance of the parties:

**1.  ADR Process**

Plaintiff seeks an order excluding testimony and other evidence that plaintiff declined to participate in Boeing's Alternative Dispute Resolution ("ADR") process based on hearsay, Rule 403, Rule 408, and Boeing's policies.  Dkt. # 46 at 2-4.

Plaintiff contends that her notes from conversations with Jeff Plant are hearsay. Dkt. # 46-9 at 2-3 (Ex. 184).  To the extent the notes record any of her statements, they are statements of a party opponent, and therefore not hearsay.  Fed. R. Evid. 801(d)(2). Plaintiff has identified the following statements purportedly made by Sells:  "Sells agreed ok for Plant to have me"; plaintiff and Sells could "work out differences"; he was "very sure things can be brought together"; plaintiff's "destiny was in her hands"; and she was told to "get her ass back to the ADR process."  Dkt. # 46-9 at 2-3 (Ex. 184).  With respect to these statements attributed to Sells or Plant, the court does not have enough information to determine whether they would fall under the hearsay exception for present sense impression, as defendant contends.  Dkt. # 46-9 at 2-3 (Ex. 184).  The document

---

[2] If defendant includes time spent on motions other than the two that plaintiff has withdrawn, it should be prepared to provide sufficient justification.

itself is not dated, and the parties have not provided the court with any evidence regarding when plaintiff took these notes. The court will reserve its ruling as to hearsay until trial. Plaintiff should make specific objections at the time this document is offered.

Plaintiff contends that Mr. Plant should not be permitted to testify regarding a potential job offer because defendant never offered plaintiff a job after her termination, and thus, the evidence is unfairly prejudicial under Rule 403. The court disagrees. Plaintiff can counter any testimony by Plant or Sells herself, and elicit testimony during cross-examination that Boeing did not offer her a job.

Plaintiff contends that evidence relating to the ADR process should be excluded under Rule 408. Federal Rule of Evidence 408 provides that compromise offers and negotiations are not admissible to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" Fed. R. Evid. 408(a). However, the court "may admit this evidence for another purpose[.]" Fed. R. Evid. 408(b). In determining whether Rule 408 applies, the Ninth Circuit has found that circumstances surrounding the communications, including both the timing of the offer and the existence of a disputed claim, are relevant to determine whether the offer was made in the compromise or settlement of a dispute. *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987). The Ninth Circuit has found that a severance plan offered at the time an employee is terminated in exchange for a release of all potential claims is not barred by Rule 408, but compensation offered to a previously terminated employee that is contingent upon the release of the employee's discrimination claim is barred by Rule 408. *Id.* at 1342-43.

The court finds that under the circumstances presented to the court, Rule 408 does not apply to Boeing's internal ADR process that occurred between May and June 2013

(Dkt. # 30 (Sells Decl.) ¶ 25) where plaintiff had not yet filed a discrimination charge[3] or lawsuit. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1064 (9th Cir. 2006) ("Because the purpose of Rule 408 is to encourage the compromise and settlement of existing disputes, and the grievance proceeding did not concern Josephs' not-yet-filed discrimination claim, the district court did not abuse its discretion when it admitted the statements made by PacBell employees.").

Finally, plaintiff contends that the court should exclude this evidence based on Boeing's own policy that excludes facts about the ADR process from being admitted in any judicial proceeding. The document relied upon by plaintiff is a confidentiality agreement. Dkt. # 46-2 at 2 (Ex. A to Scheele Decl., TBC 1332). That document is dated on June 13, 2013, even though plaintiff withdrew from the ADR process on June 10, 2013. Dkt. # 30 (Sells Decl.) ¶ 25, Ex. E. It is unclear to the court whether the parties signed the confidentiality agreement. Even if the parties were bound by the confidentiality agreement, the statements plaintiff seeks to exclude were not made "during the course of the Resolution Advocate's efforts to bring about a resolution of the dispute." Dkt. # 46-2 at 2 (Ex. A to Scheele Decl., TBC 1332). There is no evidence before the court that the statements made by Sells and Plant were made during the course of the ADR process. Rather, they were made in an effort to induce plaintiff to engage in the ADR process.

Accordingly, the court DENIES plaintiff's motion to exclude evidence and testimony regarding the ADR process.

---

[3] Plaintiff filed this action in King County Superior Court on July 24, 2013. The court has not been able to locate any document that would indicate that plaintiff filed a discrimination charge against Boeing, such as with the Washington Human Rights Commission or Equal Employment Opportunity Commission, such that there would be a disputed claim at the time of the relevant conversations.

**2. Plaintiff's mental health, medical treatment and history that predates the filing of this lawsuit by more than five years**

Plaintiff has withdrawn this motion.

**3. Disability and unemployment benefits**

Plaintiff seeks to exclude evidence regarding short or long term disability applications, determinations, findings, decisions, or benefits, and any unemployment insurance application or benefits. Dkt. # 46 at 8. Plaintiff argues that this evidence is related to collateral sources of income and has no other relevance, and that evidence of disability benefit denial would be unfairly prejudicial and confusing.

Defendant contends that it does not intend to introduce evidence of disability benefit or unemployment benefit payments received. Dkt. # 51 at 8. However, defendant intends to use statements made in her application for unemployment benefits as impeachment. Plaintiff has claimed that the reason she did not return to work the week of April 29 was because human resources told her she would begin serving her suspension on that day. However, in plaintiff's application for benefits, plaintiff indicated that the reason she did not return to work on April 29 was because the leave paperwork from Boeing and Aetna stated that she had until May 3, 2013 to contact Boeing. Dkt. # 46-8 at 47 (Ex. 182). Defendant may properly use plaintiff's assertions in this document as a statement of a party-opponent. Fed. R. Evid. 801(d)(2); *see also Jenkins v. Anderson*, 447 U.S. 231, 239-240 (1980) ("Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted.").

Defendant also argues that the fact that plaintiff was provided with short term disability leave is relevant to whether Boeing provided her reasonable accommodations. Dkt. # 51 at 9. The court disagrees. The fact that Boeing allowed her leave to accommodate her migraines is relevant to whether Boeing provided her reasonable

ORDER- 5

accommodation.  Whether or not Boeing had insurance coverage to pay for disability benefits for that leave is irrelevant.

Similarly, any decisions made by Aetna regarding whether or not plaintiff was entitled to disability benefits is irrelevant to the claims and defenses in this case. Whether or not some third-party entity or doctor reviewing the file believed plaintiff was disabled under the insurance policy such that she would be entitled to disability payments is irrelevant to whether plaintiff's migraines constituted a disability under the WLAD. Indeed, in Aetna's denial letter, the term "totally disabled" is defined as follows: "You become disabled as a result of accidental injury, illness, or a pregnancy-related condition and your accidental injury, illness, or pregnancy-related condition *prevents you from performing* the material duties of your own occupation or other appropriate work the Company makes available." Dkt. # 46-3 at 17 (Ex. 136) (emphasis added).  In contrast, the WLAD defines "disability" as a "sensory, mental, or physical impairment" that has a "*substantially limiting effect* upon the individual's ability to perform his or her job." RCW 49.60.040(7)(a), (d)(i) (emphasis added).  Additionally, a disability exists under the WLAD whether it is "temporary or permanent, common or uncommon, mitigated or unmitigated, or whether or not it limits the ability to work generally or work at a particular job or whether or not it limits any other activity within the scope of this chapter." RCW 49.60.040(7)(b).  The court finds that, even if Aetna's determinations as to disability benefits was relevant, these two definitions of disability are materially different such that any probative value would be substantially outweighed by the risk of undue prejudice and confusion to the jury.   Fed. R. Evid. 403.

The court GRANTS plaintiff's motion to exclude all reference to collateral sources of income, as well as reference to short and long-term disability benefits and unemployment insurance benefits.  To the extent that redactions may be made to exhibits, the parties are to work together to make those redactions.  The parties may refer to plaintiff's leave as short term leave.

ORDER- 6

**4. Plaintiff's missed doctor's appointments**

Plaintiff argues that the court should exclude evidence that she missed doctor's appointments under Rule 402, 403 and 404. Plaintiff seeks to exclude Exhibits 162-164 and 168. Dkt. # 46-7 at 31-36, 42 (Ex. 162 (7/31/2009—missed appointment), Ex. 163 (1/4 2010—gynecology consultation), Ex. 164 (12/13/2010—missed appointment), Ex. 168 (11/21/2012—missed appointment).

Defendant argues that the missed appointments are relevant to Boeing's affirmative defense that plaintiff failed to reasonably mitigate her damages. The court does not have sufficient information to determine whether any of the missed appointments are relevant to mitigation of damages. Indeed, like the gynecology consultation, the other doctor's appointments could have been for non-migraine related issues. There is no evidence before the court that any of the appointments above were relevant to a mitigation of damages defense.

Defendant has identified two appointments, December 13, 2012 and May 3, 2013, that it contends are relevant to plaintiff's credibility. With respect to the December 13, 2012 date, defendant directs the court to plaintiff's deposition where she stated that she was working and could not leave. Dkt. # 51 at 12 (citing Alexander Depo. at 65:14-15). However, upon examination of plaintiff's deposition, plaintiff was asked about her absence on December 13, 2010, not 2012, and defendant has not directed the court to any other evidence that she was on leave during that timeframe in 2010. To the extent that defendant has evidence of inconsistent testimony, defendant may properly impeach her. Fed. R. Evid. 607. However, based on the evidence cited to the court, that is not the case with the December 13, 2012 appointment.

With respect to May 3, 2013, defendant contends that plaintiff's testimony that she skipped her May 3 appointment because she was terminated on May 1 or 2 is inconsistent with the fact that she did not learn of her separation from Boeing until May 3, at approximately 2:15 p.m. Dkt. # 51-2 at 10 (Ex. A to Jones Decl., Alexander Depo. at

127:6-25); # 50 (Pretrial Ord.) ¶ 11; # 51-4 at 3 (Ex. C to Jones Decl., Ex. 122). This testimony appears to be inconsistent, and may be used to impeach her. Fed. R. Evid. 607.

**5. Plaintiff's participation in dog shows**

Plaintiff seeks to exclude testimony and evidence, including Exhibit 189, related to her attendance of dog shows under Rule 403.[4] Defendant has presented sufficient evidence, including financial records, attendance records, and interrogatory responses, combined with records from the American Kennel Club Event Information Notices, that indicate that throughout 2012 plaintiff took FMLA or sick leave for her migraine headaches during or immediately before or after days she attended dog shows. This evidence is relevant to her claim of disability as well as to her credibility. Additionally, while this evidence may be prejudicial, it is not unduly prejudicial or confusing. Defendant is entitled to present this evidence to the jury, and plaintiff may counter by testifying regarding the severity of her migraines on those particular days.

**6. Speculation regarding alleged but unproven malingering**

Plaintiff argues that defendant should not be allowed to speculate about alleged but unproven malingering. However, defendant has provided evidence that plaintiff attended dog shows during times she claimed to have migraines. Defendant may present this evidence, and plaintiff is entitled to counter this evidence with her own testimony.

**7. Affirmative defenses non pled**

Defendant has not responded to this motion, and the court takes defendant's non-opposition as a concession that the motion has merit. LCR 7(b)(2). Defendant may not present evidence or argue affirmative defenses it did not plead.

---

[4] Plaintiff also seeks to exclude exhibits 191 through 204 because they were not produced in discovery. However, plaintiff has not demonstrated that she requested these types of documents during discovery, and defendant failed to produce them. Accordingly, exclusion of these documents as a discovery sanction for failure to produce the documents is not an available remedy. Fed. R. Civ. Proc. 37(c)(1).

## 8. Phone call logs

Plaintiff argues that the phone call logs are inadmissible because they are not business records under Rule 803(6) and they violate the best evidence rule under Rule 1002.[5]

Rule 803(6) allows business records to be admitted into evidence if (1) the record was made at or near the time by, or from information transmitted by, someone with knowledge, (2) the record was kept in the course of regularly conducted activity of a business, (3) making the record was a regular practice of that activity, (4) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12), and (5) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 803(6). The Ninth Circuit has held that telephone records are business records for the purposes of Rule 803(6). *United States v. Linn*, 880 F.2d 209, 216 (9th Cir. 1989), *abrogated on other grounds in Florida v. White*, 526 U.S. 559 (1999). However, defendant must still prove two foundational facts: (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985).

Defendant has presented evidence from a Boeing employee regarding Boeing's practices and procedures in receiving cellular device data from cellular providers. Dkt. #

---

[5] Rule 1002 provides that an original writing, recording, or photograph is required in order to prove its content unless the evidence rules or a federal statute provides otherwise. Fed. R. Evid. 1002. To the extent that Boeing can provide the foundational facts to qualify the telephone records as a business record, it may provide copies of the documents pursuant to 28 U.S.C. § 1732. Plaintiff also argues that Rule 1006 precludes the admissibility of Exhibits 179 and 180 "because they were prepared for purposes of litigation." However, that is exactly the purpose of Rule 1006, which allows summaries to prove the content of voluminous writings as long as the proponent makes the originals or duplicates available for examination or copying. The court expects the parties to work together to comply with this rule to the extent that it applies.

51-5 at 3-5 (Ex. D to Jones Decl., Ex. 252 (Yang Decl. ¶¶ 1-8)). While this evidence is sufficient to establish foundational facts with respect to Boeing's practices, Boeing has not provided any evidence from the source of the data, the cellular providers, that could properly authenticate the records and provide the foundational facts. At this point in time, these phone records are not admissible. *See N.L.R.B. v. First Termite Control Co., Inc.*, 646 F.2d 424, 427-28 (9th Cir. 1981) (holding billing records inadmissible under business records exception where employee of receiving company had no knowledge of how the bills were made or maintained by the billing company). If Boeing is able to obtain evidence of these foundational facts from the relevant cellular service provider, the court will revisit this issue at trial.

**9. Plaintiff's financial activities**

Plaintiff seeks to exclude her bank records demonstrating credit and debit card transactions because they are not relevant to any claim or defense (Rule 401) and because their probative value is substantially outweighed by the danger of unfair prejudice, confusion and misleading the jury (Rule 403). Dkt. # 46 at 15. The court disagrees. The financial transactions that demonstrate purchases during the dates that plaintiff was on leave are relevant to her claims of disability. The other transactions are not. Thus, to the extent that defendant offers the bank records, defendant must provide redacted copies of plaintiff's bank records. The court also finds that the probative value of this relevant evidence outweighs the danger of unfair prejudice, confusion and misleading the jury. However, plaintiff has provided evidence that the dates listed on the bank records are not the transaction date, and she suggests that the dates are the processing date. Dkt. # 46-2 at 8-10 (Ex. B to Scheele Decl.). Defendant has not provided necessary foundational facts from a records custodian from the bank regarding whether the dates listed are the transaction dates or processing dates. Defendant must provide these foundational facts, and clearly identify any witness who will provide the foundational facts, before the court will allow the bank records to be admitted.

**10. Plaintiff's ex-husband's crimes and addiction**

Plaintiff has withdrawn this motion.

**11. Conclusion**

For all the foregoing reasons, the court GRANTS in part and DENIES in part plaintiff's motions *in limine*.

Dated this 11th day of August, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge