UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JILL ALEXANDER, an individual | No. 2:13-CV-01369 |
| Plaintiff, | JOINT INSTRUCTIONS |
| v. | |
| THE BOEING COMPANY, a company doing business in the State of Washington, | |
| Defendant. | |

Pursuant to W.D. Wash. Local Civil Rule ("LCR") 51(e), the parties provide the following joint jury instructions.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED this 11th day of August, 2014.



Reba Weiss, WSBA #12876

Andrea Scheele, WSBA #36773
Teller & Associates, PLLC
Attorneys for Plaintiffs
1139 34th Ave., Ste. B
Seattle, WA 98122
reba@stellerlaw.com
andreas@stellerlaw.com

s/ Zachary P. Jones
James Sanders, WSBA No. #24565
Zachary P. Jones, WSBA No. 44557
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant The Boeing Company

# TABLE OF CONTENTS

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| 1 | Duty of Jury | Court's Preliminary Instruction No. 1 | 1 | Joint |
| 3 | Burden of Proof—Preponderance of the Evidence | Court's Preliminary Instruction No.3 | 2 | Joint |
| 4 | What is Evidence | Court's Preliminary Instruction No. 4 | 3 | Joint |
| 5 | What is Not Evidence | Court's Preliminary Instruction No.5 | 4 | Joint |
| 6 | Direct and Circumstantial Evidence | Court's Preliminary Instruction No.6 | 5 | Joint |
| 7 | Ruling on Objections | Court's Preliminary Instruction No. 7 | 6 | Joint |
| 8 | Credibility of Witnesses | Court's Preliminary Instruction No. 8 | 7 | Joint |
| 9 | Bench Conferences and Recesses | Court's Preliminary Instruction No. 9 | 8 | Joint |
| 10 | Taking Notes | Court's Preliminary Instruction No. 10 | 9 | Joint |
| 11 | No Transcript Available to Jury | Court's Preliminary Instruction No. 11 | 10 | Joint |
| 12 | Conduct of Jury | Court's Preliminary Instruction No. 12 | 11 | Joint |
| 13 | Outline of Trial | Court's Preliminary Instruction No. 13 | 13 | Joint |
| 14 | *Instruction number not used.* | | 14 | |
| 15 | *Instruction number not used.* | | 15 | |
| 16 | Questions to Witness by Jurors | 9th Cir. 1.15 | 16 | Joint |
| 17 | First Break | Court's Preliminary Instruction No. 14 | 17 | Joint |
| 18 | Expert Opinion | 9th Cir. 2.11 | 18 | Joint |
| 19 | Deposition in Lieu of Live | 9th Cir. 2.4 | 19 | Joint |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**
**(continued)**

| | Testimony | | | |
|---|---|---|---|---|
| 20 | Use of Interrogatories | 9th Cir. 2.10 | 20 | Joint |
| 21 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.12 | 21 | Joint |
| 22 | Charts and Summaries in Evidence | 9th Cir. 2.13 | 22 | Joint |
| 23 | Duty of Jury | Ninth Cir. Model Civ. Jury Instr. 1.1C | 23 | Joint |
| 24 | Preponderance of the Evidence | Washington Pattern Instruction ("WPI") 21.01 | 24 | Joint |
| 25 | Duty to Deliberate | 9th Cir. 3.1 | 25 | Joint |
| 26 | Disability Discrimination—Definition of Disability | WPI 330.31 | 26 | Joint |
| 27 | Disability Discrimination—Definition of Impairment | 9th Cir. 330.31.01 | 27 | Joint |
| 28 | Disability Discrimination | WPI 330.32 | 28 | Joint |
| 29 | Essential Function—Definition | WPI 330.37 | 29 | Joint |
| 30 | Definition of "Substantial Factor" | WPI 330.01.01 | 30 | Joint |
| 35 | Family and Medical Leave Act | 29 U.S.C. § 2612(a)(1)(D) | 31 | Joint |
| 38 | FMLA—Employer | 29 U.S.C. § 2611(4) | 32 | Joint |
| 41 | FMLA—Intermittent Leave | 29 U.S.C. § 2612(b)(1) | 33 | Joint |
| 54 | Damages Arising in the Future | 9th Cir. 5.4 | 34 | Joint |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 1**

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

The Court's Preliminary Instructions to the Jury, Preliminary Instruction No. 1, Alexander v. The Boeing Co., Cause No. 313-1369 RAJ (Hon. Richard A. Jones) (hereinafter, "Court's Preliminary Instruction").

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 1

**JOINT INSTRUCTION NO. 3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a

preponderance of the evidence, it means you must be persuaded by the evidence that the

claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party

presented it.

Court's Preliminary Instruction No. 3.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 2

**JOINT INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**


The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

Court's Preliminary Instruction No. 4.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**


In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5.     Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 4

**JOINT INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Court's Preliminary Instruction No. 5.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**JOINT INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard. Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Court's Preliminary Instruction No. 7.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**JOINT INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness's memory;

3.      The witness's manner while testifying;

4.      The witness's interest in the outcome of the case and any bias or prejudice;

5.      Whether other evidence contradicted the witness's testimony;

6.      The reasonableness of the witness's testimony in light of all the evidence; and;

7.      Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Court's Preliminary Instruction No. 8.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 9**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Court's Preliminary Instruction No. 9.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 8

**JOINT INSTRUCTION NO. 10**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Court's Preliminary Instruction No. 10.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 9

**JOINT INSTRUCTION NO. 11**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Court's Preliminary Instruction No. 11.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CONDUCT OF JURY

I will now say a few words about your conduct as jurors.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, the internet, and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, or on Twitter, through

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 11

any blog or website, through any internet chat room, or by way of any other social networking websites, including but not limited to Facebook, Twitter, and YouTube.

If you need to communicate with me, simply give a signed note to the clerk to give to me.

Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Court's Preliminary Instruction No. 12.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 12

**JOINT INSTRUCTION NO. 13**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiff will then present evidence, and Defendant may cross-examine. Then the Defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Court's Preliminary Instruction No. 13.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# JOINT INSTRUCTION NO. 14

*Instruction number not used.*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# JOINT INSTRUCTION NO. 15

*Instruction number not used.*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 16**

**QUESTIONS TO WITNESS BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Ninth Circuit Manual of Model Civil Jury Instructions (hereinafter "9th Cir.") 1.15.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**JOINT INSTRUCTION NO. 17**

**FIRST BREAK**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.  Do not read or listen to any news reports of the trial.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

Court's Preliminary Instruction No. 14.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 17

## JOINT INSTRUCTION NO. 18

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. 2.11.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# JOINT INSTRUCTION NO. 19

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

9th Cir. 2.4.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**JOINT INSTRUCTION NO. 20**

**USE OF INTERROGATORIES**

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers insofar as possible, in the same way as if they were made from the witness stand.

9th Cir. 2.10.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 20

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 21**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9th Cir. 2.12.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 22**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 23**

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Ninth Cir. Model Civ. Jury Instr. 1.1C.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 23

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 24**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

Washington Pattern Instruction ("WPI") 21.01.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**DEFENDANT'S PROPOSED INSTRUCTION NO. 25**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should do so.

Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**JOINT INSTRUCTION NO. 26**

**DISABILITY DISCRIMINATION—DEFINITION OF DISABILITY**

A disability is a sensory, mental, or physical impairment that:

(1)  Is medically recognized or diagnosable; or

(2)  Exists as a record or history.

A disability may exist whether it is temporary or permanent, common or uncommon, mitigated or unmitigated, whether or not it limits the ability to work generally or work at a particular job, or whether or not it limits any other activity.

WPI 330.31.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 27**

**DISABILITY DISCRIMINATION—DEFINITION OF IMPAIRMENT**

Impairment includes but is not limited to a physiological disorder or condition affecting one or more of the following body systems: neurological, musculo-skeletal, special sense organs, respiratory, including speech organs, cardio-vascular, reproductive, digestive, genitor-urinary, hemic and lymphatic, skin, and endocrine.

9th Cir. 330.31.01.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 27

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 28**

**DISABILITY DISCRIMINATION**

Discrimination in employment on the basis of disability is prohibited.

To establish her claim of discrimination on the basis of disability, Ms. Alexander has the burden of proving each of the following propositions:

(1) That she has a disability;

(2) That she is able to perform the essential functions of the job in question with reasonable accommodation; and

(3) That her disability was a substantial factor in Boeing's decision to terminate her. Ms. Alexander does not have to prove that her disability was the only factor or the main factor in the decision.  Nor does she have to prove that she would have been retained but for her disability.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Ms. Alexander on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Boeing on this claim.

WPI 330.32.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 28

**JOINT INSTRUCTION NO. 29**

**ESSENTIAL FUNCTION—DEFINITION**

An essential function is a job duty that is fundamental, basic, necessary and indispensable to filling a particular position, as opposed to a marginal duty divorced from the essence or substance of the job.

In determining whether a function is essential to a position, you may consider, among others, the following factors:

(1) whether the reasons the position exists include performing that function;

(2) the employer's judgment as to which functions are essential;

(3) the judgment of those who have experience working in and around the position in question;

(4) any written job descriptions such as those used to advertise the position; and

(5) the amount of time spent on the job performing the particular function.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 30**

**DEFINITION OF "SUBSTANTIAL FACTOR"**

"Substantial factor" means a significant motivating factor in bringing about the

employer's decision. "Substantial factor" does not mean the only factor or the main factor in the

challenged act or decision.

WPI 330.01.01.

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 30

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**JOINT INSTRUCTION NO. 35**

**FAMILY AND MEDICAL LEAVE ACT**

In this case, Ms. Alexander claims that Boeing violated a federal law called the Family and Medical Leave Act (or "FMLA") and a similar Washington state law called the Washington Family Leave Act, which is modeled on the FMLA. These instructions refer to both laws as simply "the FMLA."

Under the FMLA, an eligible employee may take up to 12 work weeks of unpaid leave during any 12-month period for a serious health condition that makes the employee unable to perform the functions of her position. This leave is called FMLA leave.

29 U.S.C. § 2612(a)(1)(D).

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 31

**JOINT INSTRUCTION NO. 38**

**FMLA—EMPLOYER**

The term "employer" means any person engaged in commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current of preceding calendar year.   It includes any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.

29 U.S.C. § 2611(4).

JOINT INSTRUCTIONS (No. C13-1369RAJ) – 32

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**JOINT INSTRUCTION NO. 41**

**FMLA—INTERMITTENT LEAVE**

An eligible employee who is entitled to FMLA leave may take such leave intermittently to care for her own serious health condition when it is medically necessary.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## JOINT INSTRUCTION NO. 54

## DAMAGES ARISING IN THE FUTURE

Any award for future economic damages must be for the present cash value of those damages. Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000