THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JILL ALEXANDER, an individual<br><br>    Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, a company doing business in the State of Washington,<br><br>    Defendant. | No. 2:13-CV-01369<br><br>JOINT STATEMENT OF DISPUTED INSTRUCTIONS |

Pursuant to W.D. Wash. Local Civil Rule ("LCR") 51(f), the parties provide the following Joint Statement of Disputed Jury Instructions.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED this 11th day of August, 2014.


_Andrea Scheele_ _____
Andrea Scheele, WSBA # 36773
1139 34th Ave, Suite B
Seattle, WA 98122
Attorneys for Plaintiff



Reba Weiss, WSBA #12876
1139 34th Ave, Suite B
Seattle, WA 98122
Attorneys for Plaintiff

s/ _Zachary P. Jones_ _____
James Sanders, WSBA No. #24565
Zachary P. Jones, WSBA No. 44557
**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant The Boeing Company

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF CONTENTS**

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| 2 | CLAIMS AND DEFENSES | | 1 | Plaintiff |
| 2 | CLAIMS AND DEFENSES | | 3 | Defendant |
| 31 | DISABILITY DISCRIMINATION— REASONABLE ACCOMMODATION— BURDEN OF PROOF | WPI 330.33; *Goodman v. Boeing Co.*, 127 Wn.2d at 408; *Hume v. American Disposal Co.*, 124 Wn.2d 656, 880 P.2d 988 (1994) | 5 | Plaintiff |
| 31 | DISABILITY DISCRIMINATION— REASONABLE ACCOMMODATION— BURDEN OF PROOF | WPI 330.33 | 7 | Defendant |
| 32 | DISABILITY DISCRIMINATION— REASONABLE ACCOMMODATION— DEFINITION | WPI 330.34; *Barnett v. U.S. Air*, 228 F.3d 1105, 1114 (9th Cir.2000); *Humphrey v. Mem'l Hospitals Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001); *EEOC v. Ford Motor Co.*, ___ F.3d ___ 2014 WL 1584674 (6th Cir. (Mich. 2014) | 9 | Plaintiff |
| 32 | DISABILITY DISCRIMINATION— REASONABLE ACCOMMODATION— DEFINITION | WPI 330.34; *Davis v. Microsoft Corp.*, 149 Wn.2d 521, 536-37 (2003); *Pulcino v. Fed. Express Corp.*, 141 Wn. 2d 629, 645 (2000); *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1 (2d Cir. 1999); *Nowak v. St. Rita High Sch.*, 142 F.3d 999, 1004 (7th Cir.1998); *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042 (6th Cir.1998); *Smith v. Blue Cross Blue Shield of Kansas, Inc.*, 102 F.3d 1075 (10th Cir.1996); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1239-40 (9th Cir. 2012); | 11 | Defendant |
| 33 | UNDUE HARDSHIP – COST | WPI 330.36 | 14 | Plaintiff |

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| 33 | DISABILITY DISCRIMINATION—UNDUE HARDSHIP | WPI 330.36; 9th Cir. 12.9; 29 U.S.C. § 12111(1)(B); 29 C.F.R. § 1630.2(p)(2)(iv) | 16 | Defendant |
| 34 | UNDUE HARDSHIP | WPIC 330.34; *Easley v. Sea-Land Serv., Inc.*, 99 Wash. App. 459, 464-65, 994 P.2d 271, 275 (2000) | 18 | Plaintiff |
| 36 | FMLA INTERFERENCE | § 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220; *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1134-35 (9th Cir. 2003) | 21 | Plaintiff |
| 36 | FAMILY AND MEDICAL LEAVE ACT—INTERFERENCE WITH FMLA LEAVE RIGHTS | 29 C.F.R. § 825.220(a)(1); *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) | 23 | Defendant |
| 37 | EMPLOYER RESPONSIBILITY | 29 C.F.R. § 825.302(c); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1130-31 (9th Cir. 2001); *Bailey v. Southwest Gas Co.*, 275 F.3d 1181, 1185 (9th Cir.2002); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1134 (9th Cir. 2003) | 25 | Plaintiff |
| 37 | FMLA—EMPLOYEE NOTICE REQUIREMENTS | 29 C.F.R. § 825.302; 29 C.F.R. § 825.303; 29 C.F.R. § 825.304 | 27 | Defendant |
| 39 | EMPLOYEE LEAVE NOTICE | 29 C.F.R. §825.304(a) | 29 | Plaintiff |
| 40 | ELIGIBLE EMPLOYEE | 29 U.S.C. § 2611(2)(A)-(B).; 29 C.F.R. §825.110(c)(3) | 31 | Plaintiff |
| 40 | FMLA—"ELIGIBLE EMPLOYEE" DEFINED | *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014); 29 U.S.C. § 2611(2)(A); 29 C.F.R. § 825.110(c)(1); *McArdle v. Town of Dracut/Dracut Pub. Schs.*, 732 F.3d 29, 33 (1st Cir. 2013); Order, Dkt. #45 at 8 | 33 | Defendant |
| 42 | FMLA—SERIOUS | 29 U.S.C. § 2611(11); C.F.R. § | 35 | Plaintiff |

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| Number | Title | Source | Page No. | Party |
|---|---|---|---|---|
| | HEALTH CONDITION | 825.113(d); Defendant Boeing Leaves of Absence Policy Handbook, TBC 0769 | | |
| 42 | FMLA—SERIOUS HEALTH CONDITION | 29 U.S.C. § 2611(11); 29 C.F.R. § 825.115 | 37 | Defendant |
| 43 | FMLA—NEGATIVE FACTOR | 29 C.F.R. § 825.220(a)(1); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124, 1131 (9th Cir. 2001); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1132, 1135-36 (9th Cir. 2003) | 39 | Plaintiff |
| 43A | FMLA—NEGATIVE FACTOR | 9th Cir. 10.1A; 9th Cir. 101B; Third Circuit Model Civil Jury Instructions (Civil) § 2615(a)(2) (FMLA) | 41 | Defendant |
| 43B | FMLA—NEGATIVE FACTOR | *Eleventh Circuit Civil Pattern Jury Instructions* § 4.15, at 252-53 (2013), *available at* http://www.ca11.uscourts.gov/pattern-jury-instructions | 42 | Defendant |
| 44 | FMLA INTERFERENCE | 29 C.F.R. § 825.220(a)(1); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124, 1131 (9th Cir. 2001); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1132, 1135-36 (9th Cir. 2003) | 44 | Plaintiff |
| 45 | FMLA NO INTENT REQUIREMENT | *Sanders v City of Newport,* , 657 F.3d 772, 778 (9th Cir. 2011); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1130 (9th Cir. 2001); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1135 (9th Cir. 2003) | 46 | Plaintiff |
| 46 | PERMISSIVE INFERENCE | *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S. Ct. 2097, 2108 (2000); *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F. 3d 1232 (10th Cir. 2002) | 48 | Plaintiff |
| 47 | LAW PREVAILS OVER | 29 C.F.R. §825.700; Defendant | 50 | Plaintiff |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| | POLICY | Leaves of Absence Policy Handbook | | |
| 48 | CORPORATION ACTS THROUGH ITS EMPLOYEES | *Mauch v. Kissling*, 56 Wn.App. 312, 316, 783 P.2d 601 (1989); *American Seamount Corp. v. Science and Engineering Associates, Inc.*, 61 Wn.App. 793, 796–97, 812 P.2d 505 (1991); *In re Spokane Concrete Products, Inc.*, 126 Wn.2d 269, 892 P.2d 98 (1995) | 52 | Plaintiff |
| 49 | BUSINESS JUDGMENT | 8th Cir. Manual of Model Civil Jury Instructions § 5.11, at 100 (2013), *available at* http://juryinstructions.ca8.uscourts.gov/Manual_Civil_Jury_Inst_FJPI8CIV_2013_ed.pdf; *Walker v. AT&T Techs.*, 995 F.2d 846, 849 (9th Cir. 1993); *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 190 n.14 (2001); *Wash. Fed'n of State Employees v. State Personnel Bd.*, 29 Wn. App. 818, 820 (1981); *Rodriguez-Cuervos v. Wal-Mart Stores*, 181 F.3d 15, 22 (1st Cir. 1999); *Sharpe v. American Tel & Tel. Co.*, 66 F.3d 1045, 1050 (9th Cir. 1995); *Brocklehurst v. PPG Indus.*, 123 F.3d 890, 898 (6th Cir. 1997); *Deines v. Texas Dep't of Protective & Reg. Servs.*, 164 F.3d 277, 281-82 (5th Cir. 1999); *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) | 54 | Defendant |
| 50 | DAMAGES PROOF | Ninth Circuit Instructions on Damages 5.1 | 56 | Plaintiff |
| 50 | DAMAGES—PROOF | 9th Cir. 5.1; 9th Cir. 5.2 (modified); *Farrell v. Tri-County Metro. Transp. Dist. of Ore.*, 530 F.3d 1023, 1025 (9th | 58 | Defendant |

JOINT STATEMENT OF DISPUTED INSTRUCTIONS (No. C13-1369RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| | | Cir. 2008); | | |
| 51 | MEASURE OF TYPE OF DAMAGES | Ninth Circuit Instruction on Damages 5.2, edited with WPI 330.81 Damages—Employment Discrimination—Economic and Non-Economic | 60 | Plaintiff |
| 52 | DAMAGES— EMOTIONAL DISTRESS, IF ANY | WPI 30.02.01; *Dean v. Municip. of Metro. Seattle-Metro*, 104 Wn.2d 627, 641-42 (1985); *Xieng v. Peoples Nat'l Bank of Wash.*, 63 Wn. App. 572, 582 (1991); WPI 330.81; 9th Cir. 5.1 | 62 | Defendant |
| 53 | PROXIMATE CAUSE | *Martini v. Boeing*, 137 Wn.2d 357, 368 (1999); WPI 15.01.01; *Eagle Point Condo Owners Ass'n v. Coy*, 102 Wn. App. 697, 702 (2000) | 64 | Defendant |
| 55 | FRONT PAY AND BACK PAY | *Kubista v. Romaine*, 82 Wn.2d 62, 66 (1976); WPI 330.82; *Blaney v. Int'l Ass'n of Machinists*, 151 Wn.2d 203, 210 (2004) | 66 | Defendant |
| 56 | DAYS MISSED COMPENSATION | *Farrell v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, 530 F.3d 1023, 1025 (9th Cir. 2008) | 68 | Plaintiff |
| | SPECIAL VERDICT FORM | | 70 | Plaintiff |
| | SPECIAL VERDICT FORM | | 74 | Defendant |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**INSTRUCTION NO. 2**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff Jill Alexander was an employee of Defendant The Boeing Company until she was terminated in May 2013. At the time of her termination, plaintiff worked as a Project Manager for Boeing and had been employed with them for 17 years.

Plaintiff claims that Boeing terminated her unlawfully because of her disability and that Boeing failed to accommodate her disability. Plaintiff further claims that Boeing interfered with her rights under the Family and Medical Leave Act (FMLA). Boeing denies these claims.

The plaintiff's lawyers are Reba Weiss and Andrea Scheele. The defendant's lawyers are James Sanders and Zach Jones.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

First, Boeing's Alternative Instruction No. 2 is overly detailed and biased. For example, Boeing baldly asserts the following: "Boeing terminated Ms. Alexander's employment for job abandonment on May 2, 2013." This is a highly disputed fact at the center of the case. Boeing also wants: "Ms. Alexander's employment was terminated because she did not return to work or call in for three working days after the end of a leave of absence." This should only be allowed if Plaintiff can also state that "Plaintiff claims she did communicate as soon as she knew Boeing expected her back on April 29, 2014, and that Boeing's alleged reasons for termination are false and merely a pretext for its violations of the FMLA and Wash. Law Against Discrimination."

Second, Ms. Alexander has a pending Motion in Limine arguing that the "ADR" evidence and the testimony of Jeff Plant be excluded under Fed. R. Evid. 402, 403, and 408. Defendant's reference to the "ADR process" is premature. Ms. Alexander objects to the statement and the evidence because after her termination on May 2, 2013, **Boeing has never offered Ms. Alexandera job.** The instruction is unfairly prejudicial since the jury would be **misled** into believing that Ms. Alexander was offered a job at Boeing, and reduce her award accordingly. This is precisely what Boeing hopes will happen. The evidence is being used "to prove or disprove the validity or amount of a disputed claim", including the validity of Boeing's affirmative defense of failure to mitigate, in violation of FRE 408.

If this is to be a highly detailed instruction, Plaintiff has no objection to including evidentiary detail such as: Plaintiff's tenure with Boeing (17 years), the nature of her disability (migraines), or her job title (Procurement Manager).

The phrase near the end, "I will explain these claims … in a moment" should only be used if accurate.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.  This summary is not evidence, but is meant to help you understand the parties' claims:[1]

Plaintiff Jill Alexander was employed with defendant, The Boeing Company as a Procurement Manager.  Her team was responsible for working with the suppliers who manufactured the wings and other parts of Boeing's 787 Dreamliner aircraft.  Boeing terminated Ms. Alexander's employment for job abandonment on May 2, 2013.

Ms. Alexander suffers from migraine headaches.  She claims that Boeing terminated her employment because of her migraine headaches in violation of a Washington law that prohibits discrimination against disabled persons.  She also claims that Boeing failed to reasonably accommodate her disability and that Boeing interfered with her rights under the Family and Medical Leave Act, or "FMLA."

Boeing denies Ms. Alexander's claims.  Boeing asserts that it treated Ms. Alexander fairly and in accordance with the law and that Ms. Alexander's employment was terminated because she did not return to work or call in for three working days after the end of a leave of absence.  Boeing also asserts that Ms. Alexander had the opportunity to return to Boeing through Boeing's Alternative Dispute Resolution process, which would have preventing her from suffering some or all of the damages she alleges in this lawsuit, but that she unreasonably withdrew from that process.  I will explain these claims and defenses in greater detail in a moment.

---

[1] The Court's Preliminary Instructions to the Jury, Hon. Richard A. Jones.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### *Defendant's Objections to Plaintiff's Proposed Instruction No. 2*

Ms. Alexander's summary of the claims and defenses is biased, incomplete, and inaccurate.  It contains several important omissions, including the nature of Ms. Alexander's claimed disability (migraine headaches) and any description of Ms. Alexander's position at Boeing.  Her proposed instruction misstates Ms. Alexander's job title (she was a Procurement Manager, not a "Project Manager").  Most importantly, while Ms. Alexander's proposed instruction describes each of her claims, it contains only a boilerplate statement that "Boeing denies these claims," without any description of Boeing's position or its affirmative defense of mitigation of damages.  Specifically, Ms. Alexander omits any reference to Boeing's stated reason for terminating her employment—that she failed to show up to work for three days following her leave of absence.  This fact is central to the legal issues in the case.  Ms. Alexander's summary of the claims and defense is not a neutral one.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 4

**INSTRUCTION NO. 31**


**PLAINTIFF'S PROPOSED INSTRUCTION NO. 31**

**DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION—BURDEN
OF PROOF**

Discrimination in employment on the basis of disability is prohibited. One form of unlawful discrimination is a failure to reasonably accommodate an employee's disability.

To establish her claim of discrimination on the basis of failure to reasonably accommodate a disability, Jill Alexander has the burden of proving each of the following propositions by a preponderance of the evidence:

> (1) That she had an impairment that is medically recognizable or diagnosable; and
> (2) That either:
>> (a) she gave Boeing notice of the impairment; or
>> (b) no notice was required to be given because Boeing knew about her impairment; and
> (3) That the impairment had a substantially limiting effect on her ability to perform her job; and
> (4) That she would have been able to perform the essential functions of the job in question with reasonable accommodation; and
> (5) That Boeing failed to reasonably accommodate the impairment.

In determining whether an impairment has a substantially limiting effect, a limitation is not substantial if it has only a trivial effect.

Once Boeing was aware of the impairment, the law says it was then required to take positive steps to accommodate Ms. Alexander's limitations, including inquiry regarding the nature and extent of the disability.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Ms. Alexander on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Boeing on this claim.

**Authority:** WPI 330.33 Disability Discrimination—Reasonable Accommodation—Burden of Proof. If the disability is not otherwise known to the employer, the employee must give the employer notice of the disability; the employer then must take "'positive steps' to accommodate the employee's limitations." *Goodman v. Boeing Co.*, 127 Wn.2d at 408. Once notice is given, the employer has a duty to inquire regarding the nature and extent of the disability. *Id.* @ 408-09; *Hume v. American Disposal Co.*, 124 Wn.2d 656, 880 P.2d 988 (1994).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiff's and Defendant's Instructions No. 31 are identical but for this sentence: "Once Boeing was aware of the impairment, the law says it was then required to take positive steps to accommodate Ms. Alexander's limitations, including inquiry regarding the nature and extent of the disability." This statement of the law is correct and supported by numerous Washington Supreme Court cases, including but not limited to, *Goodman v. Boeing Co.*, 127 Wn.2d 401, 408 (1995) and *Hume v. American Disposal Co.*, 124 Wn.2d 656, 880 P.2d 988 (1994). In *Martini v. Boeing Co.*, 88 Wash. App. 442, 456-57, 945 P.2d 248, 256 (1997) *aff'd and remanded,* 137 Wash. 2d 357, 971 P.2d 45 (1999), the Court said:

> The state Supreme Court recently addressed the question of when an employer's duty to accommodate an employee is triggered in *Goodman v. Boeing Co.* There, the court stated that this duty arises when the employer becomes aware of the employee's disability and limitations. **Once the employee has met his or her burden of providing the employer with notice of the disability, the employer is required to take " 'positive steps' " to accommodate the disability. The employee is not required to inform the employer of "the full nature and extent of the disability.**

(emphasis supplied). Plaintiff's Instruction No. 31 is an accurate statement of the law.

Plaintiff does not suggest that the "positive steps" phrase creates a stand-alone cause of action. Plaintiff includes the other elements of the WPI as well. However, the law in the State of Washington is clear: once the employer has notice of her disability, it is the employer's responsibility to propose an accommodation. This instruction is necessary for Plaintiff to prove her case.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 6

**DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 31**

**DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION—BURDEN OF PROOF**

Discrimination in employment on the basis of disability is prohibited. One form of unlawful discrimination is a failure to reasonably accommodate an employee's disability.

To establish her claim of discrimination on the basis of failure to reasonably accommodate a disability, Ms. Alexander has the burden of proving each of the following five propositions:

(1) That she had an impairment that is medically recognizable or diagnosable or exists as a record or history; and

(2) That either

(a) Ms. Alexander gave Boeing notice of the impairment; or

(b) no notice was required to be given because Boeing knew about her impairment; and

(3) That the impairment had a substantially limiting effect on her ability to perform her job; and

(4) That she would have been able to perform the essential functions of the job in question with reasonable accommodation; and

(5) That Boeing failed to reasonably accommodate the impairment.

In determining whether an impairment has a substantially limiting effect, a limitation is not substantial if it has only a trivial effect.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Ms. Alexander on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Boeing on this claim.[2]

---

[2] Wash. Pattern Jury Instr. Civil ("WPI") 330.33 (proper names of parties and pronouns inserted).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 7

### _Defendant's Objections to Plaintiff's Proposed Instruction No. 31_

Boeing objects to the penultimate sentence in Ms. Alexander's proposed instruction: "Once Boeing was aware of the impairment, the law says it was then required to take positive steps to accommodate Ms. Alexander's limitations, including inquiry regarding the nature and extent of the disability." Ms. Alexander has grafted this sentence onto WPI 330.33 as an unnecessary—and indeed, misleading—appendage. This add-on sentence misleadingly suggests that the WLAD provides a distinct cause of action for violations of the interactive process. This Court has previously explained that "Washington courts, like federal courts, do not recognize a free-standing interactive process claim absent a possibility of accommodation as a basis of a disability discrimination claim." Dkt. # 45, at 17 (citing _Fey v. State,_ 174 Wn. App. 435, 453 (2013)). Ms. Alexander's add-on sentence therefore confusingly and improperly deviates from WPI 330.33.

Neither of the cases Alexander cites supports the sentence she has tacked on to the pattern instruction. In _Goodman v. Boeing Co._, 127 Wn. 2d 401, 403 (1995), it was undisputed that a reasonable accommodation of the plaintiff's repetitive stress injury was possible and that the plaintiff had made repeated requests for an accommodation. As for _Hume v. American Disposal Co._, 124 Wn. 2d 656 (1994), the decision nowhere suggests that the WLAD recognizes a cause of action against an employer that does not sufficiently inquire into the nature and extent of a plaintiff's disability. To the contrary, in that case the Washington Supreme Court _affirmed_ summary judgment on the plaintiff's reasonable accommodation claim on the ground that there was insufficient evidence that the employer had notice he was disabled.

Alexander's deviation from the pattern instruction seeks to impose liability on a basis that Washington law does not recognize, and would complicate, rather than simplify, the jury's task. Boeing's proposed instruction, which incorporates the precise language of WPI 330.34—without extraneous and misleading additions—more accurately reflects Washington law and would more effectively focus the jury on the material factual issues in dispute.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**INSTRUCTION NO. 32**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 32**

**DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION— DEFINITION**

Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the law to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations. An appropriate reasonable accommodation must be effective, in enabling the employee to perform the duties of the position. The obligation to reasonably accommodate applies to all aspects of employment, and an employer cannot deny an employment opportunity to a qualified employee because of the need to provide reasonable accommodation.

There may be more than one reasonable accommodation of a disability. A reasonable accommodation may include adjustments in the manner in which essential functions of the job are carried out, work schedules, scope of work, telecommuting or working from home, and changes in the job setting or conditions of employment that enable the person to perform the essential functions of the job. This is not an exhaustive list of all reasonable accommodations.

If an employee is disabled and cannot be accommodated in his or her position, the employer must take affirmative steps to help the employee identify and apply for any vacant position for which the employee is qualified.

**Authority:** WPI 330.34 Disability Discrimination—Reasonable Accommodation— Definition; *Barnett v. U.S. Air,* 228 F.3d 1105, 1114 (9th Cir.2000); *Humphrey v. Mem'l Hospitals Ass'n,* 239 F.3d 1128, 1137 (9th Cir. 2001); *EEOC v. Ford Motor Co.,* ___ F.3d ___ 2014 WL 1584674 (6th Cir. (Mich. 2014)).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Plaintiff objects to the following statement in Defendant's Alternative Instruction No. 32: "An employer must provide a reasonable accommodation for an employee with a disability **unless the employer can show that the accommodation would impose an undue hardship on the employer.**" Defendant did not assert "undue hardship" as an affirmative defense in its Answer to Amended Complaint or its Pretrial Statement and thus has waived the defense. *Kopp v Reardan/Edwall School District,* 2009 WL 774122 (E.D. Wash.); *Farmers Ins. Co. of Washington v. Miller,* 87 Wn.2d 70 (1976).

Boeing picks and chooses the accommodations that suit it best for inclusion in the instruction. There is no evidence of indefinite leave of absence and the "come and go" portion is an incomplete statement of the law.

In the recent case of *EEOC v. Ford Motor Co.,* 752 F.3d 634 (6th Cir. 2014), the issue of whether "telecommuting" was a reasonable accommodation was the central issue of the case, as it is in this case. The Court found that in today's world, telecommuting is a reasonable accommodation for someone whose actual presence in the workplace is not required to fulfill the essential functions of her job. *Id.* at 641-42. The evidence is this case will show that Ms. Alexander's job was well suited for telecommuting and in fact, she had done so successfully for years. For all of these reasons, Plaintiff's Proposed Instruction No. 32 should be given to the jury.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 10

# DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 32

## DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION—

## DEFINITION

Once an employer is on notice of an impairment, the employer has a duty to inquire about the nature and extent of the impairment. The employee has a duty to cooperate with her employer to explain the nature and extent of her impairment and resulting limitations as well as her qualifications.[3]

An employer must provide a reasonable accommodation for an employee with a disability unless the employer can show that the accommodation would impose an undue hardship on the employer. The obligation to reasonably accommodate applies to all aspects of employment, and an employer cannot deny an employment opportunity to a qualified applicant or employee because of the need to provide reasonable accommodation.[4]

There may be more than one reasonable accommodation of a disability. A reasonable accommodation may include adjustments in the manner in which essential functions are carried out, work schedules, scope of work, and changes in the job setting or conditions of employment that enable the person to perform the essential functions of the job.[5] For example, a reassignment to a different position may be a reasonable accommodation.[6] An unpaid leave of absence for a specified period of time may be a reasonable accommodation.[7] However, a leave

---

[3] WPI 330.34 (pronouns and relevant bracketed language inserted).
[4] *Id.*
[5] *Id.*
[6] *Davis v. Microsoft Corp.*, 149 Wn.2d 521, 536-37 (2003) (reassignment may be reasonable accommodation).
[7] *Pulcino v. Fed. Express Corp.*, 141 Wn. 2d 629, 645 (2000) (unpaid medical leave of absence may be a reasonable accommodation); *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1 (2d Cir. 1999) (employer not required to wait indefinitely for employee to return to work); *Nowak v. St. Rita High Sch.,* 142 F.3d 999, 1004 (7th Cir.1998) (same); *Gantt v. Wilson Sporting Goods Co.,* 143 F.3d 1042 (6th Cir.1998) (same); *Smith v. Blue Cross Blue Shield of Kansas, Inc.,* 102 F.3d 1075 (10th Cir.1996) (same).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of absence for an indefinite period of time or an open-ended schedule that allows an employee to come and go is not a reasonable accommodation.[8]

---

[8] *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1239-40 (9th Cir. 2012) ("[T]he court was hard-pressed to imagine a manufacturing facility that could operate effectively when its employees are essentially permitted to set their own work hours. . . . An accommodation that would allow Samper to simply miss work whenever she felt she needed to and apparently for so long as she felt she needed to as a matter of law is not reasonable on its face.") (alterations and internal citations and quotation marks omitted).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### _Defendant's Objections to Plaintiff's Proposed Instruction No. 32_

Ms. Alexander's proposed instruction cherry-picks the parts of WPI 330.34 she likes while editing (or outright deleting) the parts she does not. Her proposed instruction deviates from the Washington pattern instructions and distorts Washington law by suggesting that the WLAD provides a freestanding remedy for an employer's failure to engage in the interactive process. It does not. Under the WLAD, the interactive process is a means to an end—it is the "best way to determine a reasonable accommodation." *MacSuga v. Cnty. of Spokane*, 97 Wn. App. 435, 443 (1999). The interactive process "is not an end in and of itself." *Washburn v. Gymboree Retail Stores, Inc.*, No. C11-822RSL, 2012 WL 3818540, at *10 (W.D. Wash. Sept. 4, 2012) (applying WLAD). Ms. Alexander's proposed instruction asserts that an employer has a "mandatory obligation" to engage in an interactive process with the employee.

In contrast, Boeing's proposed instruction replicates the entire text of Washington Pattern Instruction 330.34. At the end, Boeing adds three additional sentences to illustrate for the jury two examples of reasonable accommodations that are especially relevant to this case—a medical leave of absence, and an assignment to a different position. It is well established that these may represent reasonable accommodations under certain circumstances. *See, e.g.*, *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 185 (2d Cir. 2006) "(Most other circuits and the Equal Employment Opportunity Commission have concluded that, in some circumstances, an unpaid leave of absence can be a reasonable accommodation under the ADA.") (collecting cases); *Griffith v. Boise Cascade, Inc.*, 111 Wn. App. 436, 444 (2002) ("Reassignment is a reasonable accommodation."). At the same time, it may not be obvious to a jury that these changes in an employee's job may constitute reasonable accommodations as a matter of law. *See, e.g.*, *Graves*, (describing "the idea of unpaid leave of absence as a reasonable accommodation" as a "troublesome problem" and an "oxymoronic anomaly") (quoting *Garcia-Ayala v. Lederle Parenterals, Inc.*, 212 F.3d at 651-52 (1st Cir. 2000) (O'Toole, J., dissenting). The jury would therefore benefit from an explicit instruction from the court on this important point of law.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 13

**<u>INSTRUCTION NO. 33</u>**


**PLAINTIFF'S PROPOSED ALTERNATIVE INSTRUCTION NO. 33**

**UNDUE HARDSHIP – COST**


An employer is not required to accommodate an employee's disability if it would impose an undue hardship on the operation of the employer's business.  Boeing has the burden of proving that an accommodation would impose an undue hardship on Boeing.

An accommodation is an undue hardship if the cost or difficulty is unreasonable, considering the size of and the resources available to the employer.

**Authority:**  WPI 330.36 (modified).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## *Plaintiff's Objections to Defendant's Alternative Instruction No. 33*

Boeing did not plead "undue hardship" as an affirmative defense in either its Answer to Amended Complaint or its Pretrial Statement. Therefore, the defense has been waived. Fed. R. Civ. Proc. 8(c). Plaintiff has only submitted the "undue hardship" instructions in case the Court allows Boeing to present an "undue hardship" defense.

Plaintiff has no objection to WPI 330.36 without any modification.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 33**

**DISABILITY DISCRIMINATION—UNDUE HARDSHIP**

An employer is not required to accommodate an employee's disability if it would impose an undue hardship on the operation of the employer's business.  Boeing has the burden of proving that an accommodation would impose an undue hardship on Boeing.[9]

An accommodation is an undue hardship if the cost or difficulty is unreasonable, considering:

(1)      the size of and the resources available to the employer;[10]

(2)      the nature and net cost of the accommodation;[11]

(3)      the type of operations the defendant is involved in and the composition, structure, and functions of the work force;[12]

(4)      the overall impact of the proposed accommodation on the operation of the defendant's facilities, including the impact on other employees and the ability to conduct business;[13]

---

[9] WPI 330.36.
[10] *Id.*
[11] 9th Cir. 12.9(1); 29 U.S.C. § 12111(1)(B)(i).
[12] 9th Cir. 12.9(5); 29 U.S.C. § 12111(1)(B)(iv).
[13] 9th Cir. 12.9(5); 29 U.S.C. § 12111(1)(B); 29 C.F.R. § 1630.2(p)(2)(iv).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### _Defendant's Objection to Plaintiff's Proposed Instruction No. 33_

Boeing objects to Plaintiff's Proposed Instruction No. 33 because it suggests that the "size and resources available to the employer" is the only factor that is relevant to whether a proposed accommodation would impose an undue hardship on the employer.  Although WPI 330.36 does state that an employer's size and resources may be one relevant factor, it is by no means the only factor the jury should consider.  The instruction is based on a regulation that provides, "An accommodation will be considered an undue hardship if the cost is unreasonable in view of: (1) The size of and the resources available to the employer; (2) Whether the cost can be included in planned remodeling or maintenance; and (3) The requirements of other laws and contracts, _and other appropriate considerations_."  WAC 162-22-075 (emphasis added).  The Comment to WPI 330.36 expressly instructs, "The instruction likewise will need to be modified to address any 'other appropriate considerations' that might apply to a given case."

Boeing's alternative instruction incorporates "other appropriate considerations" based on the text and implementing regulations of the Americans With Disabilities Act (ADA), and the Ninth Circuit's model undue hardship instruction under the ADA.  The ADA provides a source of guidance for courts interpreting the disability discrimination provisions of the WLAD.  _See_ Dkt. # 45 at 14 n.9 ("Washington courts have looked to federal cases interpreting the [ADA] for guidance in interpreting the WLAD.").  Boeing's proposed instruction helps ensure that the jury will conduct a holistic reasonableness analysis in determining whether a proposed accommodation would constitute an "undue hardship" to Boeing.  Ms. Alexander's proposed instruction misleadingly suggests that the determination should be based on the employer's financial resources, to the exclusion of all other relevant factors.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 34**

**UNDUE HARDSHIP**


Boeing must provide a reasonable accommodation for an employee with a disability unless Boeing can show that the accommodation would impose an undue hardship on the operation of its business. Boeing has the burden of proving that an accommodation would impose an undue burden on it.

WPIC 330.34 (modified); *Easley v. Sea-Land Serv., Inc.*, 99 Wash. App. 459, 464-65, 994 P.2d 271, 275 (2000) ("This evidence squarely placed before the jury the question of whether the accommodations proposed by Easley would have constituted an undue hardship for Sea–Land. In the absence of any instruction as to the employer's burden of proof, the jury had no guidance as to the relevance of this evidence. A reasonable juror could naturally conclude that an accommodation that is a hardship is not "reasonable." Such a juror has shifted the burden of proof to Easley."). *Id.* at 469.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## Plaintiff's Objections to Defendant's Alternative Instruction No. 34

See Plaintiff's objections to Defendant's alternative instruction No. 33. Plaintiff withdraws her

Instruction No. 34 if the Court provides the jury with her proposed Instruction No. 33.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### *Defendant's Objections to Plaintiff's Proposed Instruction No. 34*

Boeing objects that this proposed instruction is redundant with instructions No. 32 and 33, and therefore unnecessary.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 20

**INSTRUCTION NO. 36**


**PLAINTIFF'S PROPOSED INSTRUCTION NO. 36**

**FMLA INTERFERENCE**

It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the

attempt to exercise, any right provided under the FMLA.   An employer interferes with an

employee's rights under FMLA by refusing to authorize FMLA leave and discouraging an

employee from using such leave.  An employer has discouraged an employee from taking FMLA

leave when his or her supervisor interferes with the length and dates of leave, including denying

leave out right. A violation of the FMLA simply requires that the employer deny the employee's

entitlement to FMLA leave.


All references to the "FMLA" include both the Washington Family Leave Act and the

Federal Family and Medical Leave Act.

**AUTHORITY:** § 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220; *Xin Liu v. Amway Corp.*, 347
F.3d 1125, 1134-35 (9th Cir. 2003).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 21

### *Plaintiff's Objections to Defendant's Alternative Instruction No. 36*

Plaintiff does not object to instructing the jury as to the elements per *Sanders v. Newport*, 657 F.3d 772, 778 (9th Cir. 2011), but the remainder should be modified as follows:

1) Defendant's proposal limits interference to "leave," but the law requires Boeing to return Plaintiff to work after the leave, and not to discriminate or retaliate against her due to the leave. Rather than "leave", the instruction should say "any right."

2) Element two (Boeing covered) is not disputed so the jury need not be instructed on it.

3) Element three presumably refers to whether Plaintiff's migraines constitute a serious health condition ("SHC"). **There is no legitimate dispute here.** Migraines are listed as a "serious health condition" in the FMLA regulations, at 29 CFR § 825.113(d), and in two unopposed Exhibits which are statements of Boeing policy. Exhibit 11 at TBC 0769; Exhibit 51 at TBC 1066. Defendant has admitted Plaintiff has migraines.

4) The question of notice is important here, where Plaintiff alleges she gave adequate notice to her supervisor, but Boeing disciplined her for not calling "Total Access" in time. This must also be addressed in other instructions, such as numbers 37 and 39.

5) Element five repeats element three, in that it questions again plaintiff's entitlement to leave (whether her migraines are a SHC), which should not be in dispute.

6) The following statements from Plaintiff's instruction are accurate. Boeing's instruction improperly omits them:

> An employer interferes with an employee's rights under FMLA by refusing to authorize FMLA leave and discouraging an employee from using such leave. An employer has discouraged an employee from taking FMLA leave when his or her supervisor interferes with the length and dates of leave, including denying leave out right.

7) The last sentence of Plaintiff's instruction points out that no showing of improper motive or malice is required. Plaintiff requests that the Jury be so instructed.

8) The last sentence should be included to clarify which claims are in issue.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 22

## DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 36

## FAMILY AND MEDICAL LEAVE ACT—INTERFERENCE WITH FMLA LEAVE RIGHTS

The FMLA prohibits an employer from interfering with, restraining, or denying an employee's exercise of or the attempt to exercise FMLA leave.[14] Ms. Alexander claims that Boeing interfered with her rights under the FMLA. To establish this claim, Ms. Alexander has the burden of proving each of the following five propositions:

(1) she was eligible for the FMLA's protections;

(2) Boeing was covered by the FMLA;

(3) she was entitled to leave under the FMLA;

(4) she provided Boeing sufficient notice of her intent to take leave; and

(5) Boeing denied her FMLA benefits to which she was entitled.[15]

If you find from your consideration of all of the evidence that each of these propositions has been proven, then your verdict should be for Ms. Alexander on this claim. On the other hand, if any of these propositions has not been proven, your verdict should be for Boeing on this claim.

---

[14] 29 C.F.R. § 825.220(a)(1).
[15] *E.g.*, *Escriba v. Foster Poutry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### *Defendant's Objections to Plaintiff's Proposed Instruction No. 36*

Boeing objects to Plaintiff's proposed instruction, which is confusing, unhelpful, and unmoored from the elements of an FMLA interference claim in this circuit (or any other).  In contrast, Boeing's alternative instruction sets forth the clear, five-factor test the Ninth Circuit has adopted for FMLA interference claims.  *See, e.g.*, *Escriba v. Foster Poultry Farms, Inc.*,743 F.3d 1236, 1243 (9th Cir. 2014); *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011). Although the Ninth Circuit's model jury instructions do not contain instructions on the FMLA, the *Sanders* five-element test is consistent with the model jury instructions of other circuits.  *See, e.g.*, *Third Circuit Model Jury Instructions (Civil)* § 10.1.1 (2008).  Boeing's alternative instruction tracks the language of the Ninth Circuit's cases, while Ms. Alexander's instruction uses confusing or inapplicable phrases such as "interfer[ing] with the length and dates of leave," and "deny[ing] the employee's entitlement to FMLA leave."  Boeing's instruction has the virtues of clarity and fidelity to the governing law.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**INSTRUCTION NO. 37**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 37**

**EMPLOYER RESPONSIBILITY**

It is the employer's responsibility, not the employee's, to determine whether a leave request is likely to be covered by the Family and Medical Leave Act (FMLA). Employees need only notify their employers that they will be absent under circumstances which indicate that the FMLA might apply. The employer is responsible, having been notified of the reason for an employee's absence, for being aware that the absence may qualify for FMLA protection. It is the employer's responsibility to determine when FMLA leave is appropriate, to inquire as to specific facts to make that determination, and to inform the employee of his or her entitlements. The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed.

**AUTHORITY:** 29 C.F.R. § 825.302(c); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1130-31 (9th Cir. 2001); *Bailey v. Southwest Gas Co.,* 275 F.3d 1181, 1185 (9th Cir.2002); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1134 (9th Cir. 2003).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 25

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### _Plaintiff's Objections to Defendant's Alternative Instruction No. 37_

Defendant's proposed instruction is unnecessarily long, complex and confusing.  It is a

direct comment on the evidence:

> For example, an employer may require employees to call a designated number or a specific individual to request leave.[16] **It should be practicable for the employee to provide notice of the need for leave either the same day or the next business day the employee becomes aware of the need for FMLA leave.**[17]  For example, if it would have been practicable for an employee to have given the employer notice of the need for leave very soon after the need arises consistent with the employer's policy, but instead the employee provided notice two days after the leave began, then the employer may delay FMLA coverage of the leave by two days.[18]  **If an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied.**[19]

Defendant's instruction is a composite of comments on the evidence such as "[I]t should be

practicable for the employee to provide notice … the same day or the next business day…".

This statement is a direct comment on the evidence and is inappropriate and error.

---

[16] _Id._
[17] 29 C.F.R. § 825.302(b).
[18] 29 C.F.R. § 825.304(d).
[19] 29 C.F.R. § 825.303(2)(d).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 26

**DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 37**

**FMLA—EMPLOYEE NOTICE REQUIREMENTS**

When the approximate timing of the need for leave is not foreseeable, an employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case.[20] An employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances.[21] For example, an employer may require employees to call a designated number or a specific individual to request leave.[22] It should be practicable for the employee to provide notice of the need for leave either the same day or the next business day the employee becomes aware of the need for FMLA leave.[23] For example, if it would have been practicable for an employee to have given the employer notice of the need for leave very soon after the need arises consistent with the employer's policy, but instead the employee provided notice two days after the leave began, then the employer may delay FMLA coverage of the leave by two days.[24] If an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied.[25]

In order for the onset of an employee's FMLA leave to be delayed due to lack of required notice, it must be clear that the employee had actual notice of the FMLA notice requirements.[26] This condition of "actual notice" would be satisfied by the employer's proper posting of the required notice at the worksite where the employee is employed and the employer's provision of the required notice in either an employee handbook or employee distribution.[27]

---

[20] 29 C.F.R. § 825.303(a).
[21] 29 C.F.R. § 825.303(c).
[22] *Id.*
[23] 29 C.F.R. § 825.302(b).
[24] 29 C.F.R. § 825.304(d).
[25] 29 C.F.R. § 825.303(2)(d).
[26] 29 C.F.R. § 825.304(a).
[27] *Id.*

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 27

### _Defendant's Objections to Plaintiff's Proposed Instruction No. 37_

Boeing objects to Ms. Alexander's Proposed Instruction No. 37 because it misstates the law and would mislead the jury. _Compare_ Pl. Proposed Instruction No. 37 ("The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed."), _with_ 29 C.F.R. § 825.301(b) ("An employee giving notice of the need for FMLA leave _must explain the reasons for the needed leave_ so as to allow the employer to determine whether the leave qualifies under the Act. If the employee fails to explain the reasons, leave may be denied.") (emphasis added). Ms. Alexander's proposed instruction also misstates the law by suggesting that the jury may find for her on her FMLA claim if it concludes that Boeing did not provide her individualized notice of her FMLA rights, even if Ms. Alexander was not actually prejudiced. Her proposed instruction thus violates the Supreme Court's admonition that the FMLA's interference provision "provides no relief unless the employee has been prejudiced by the violation." _Ragsdale v. Wolverine World Wide, Inc._, 535 U.S. 81, 89 (2002); _see also id._ at 90-91 ("The challenged regulation is invalid because it alters the FMLA's cause of action in a fundamental way: It relieves employees of the burden of proving any real impairment of their rights and resulting prejudice . . . . [and] transformed the company's failure to give notice—along with its refusal to grant her more than 30 weeks of leave—into an actionable violation . . . .").

In contrast, Boeing's proposed instruction reproduces the language of the cited regulatory provisions without distorting their meaning or attempting to argue its case through the instruction.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 28

**INSTRUCTION NO. 39**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 39**

**EMPLOYEE LEAVE NOTICE**

An Employer may not deny an Employee FMLA leave because the Employee did not follow the Employer's policy for providing notice of the leave, unless the Employee had actual notice of the Employer's policy.

**Authority:** 29 C.F.R. §825.304(a).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 29

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### _Defendant's Objections to Plaintiff's Proposed Instruction No. 39_

Boeing objects to Plaintiff's Proposed Instruction No. 39 on the following grounds: (1) it is duplicative with Defendant's Alternative Instruction No. 37; and (2) it uses the term "actual notice" without defining or elaborating on what such notice requires, _cf._ 29 C.F.R. § 825.304(a) (explaining what would satisfy "actual notice" condition).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 30

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**INSTRUCTION NO. 40**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 40**

**ELIGIBLE EMPLOYEE**

The term "eligible employee" means an employee who has been employed:

(1)     for at least 12 months by the employer with respect to whom leave is requested;

(2)     for at least 1,250 hours of service with such employer during the previous 12-month period.  The 1250 hours include all hours worked, including paid and unpaid overtime hours; and

(3)     at a worksite at which the employer employs 50 or more employees within 75 miles of the worksite.

*The employer has the burden of proving by a preponderance of the evidence that the employee worked less than 1250 hours in the previous 12-month period.*

**AUTHORITY**: 29 U.S.C. § 2611(2)(A)-(B).; 29 C.F.R. §825.110(c)(3).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### *Plaintiff's Objections to Defendant's Alternative Instruction No. 40*

The burden of proof on this issue is a hotly contested question of law. The applicable CFR requires the <u>employer</u> to carry the burden of proof <u>when it fails to keep accurate records</u>. See 29 CFR 825.110(c)(3) Where the employer's own Human Resources representatives and the managers responsible for the Plaintiff's workload all intentionally underreport overtime, the employer should not benefit from the claim that it is the employee's fault that their records are inaccurate. The Court's ruling on Summary Judgment addressed this issue at page 8:1-18, Dkt. 45.

In addition, Plaintiff asks that the elements of eligibility which are not in dispute be removed from the instruction. In the alternative, the jury should be instructed that these elements have been proven. Plaintiff refers to her proposed instructions on admitted facts in her Supplemental Pretrial Statement.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 40**

**FMLA—"ELIGIBLE EMPLOYEE" DEFINED**

Ms. Alexander has the burden to prove by a preponderance of the evidence that she was an "eligible employee" within the meaning of the FMLA.[28] The term "eligible employee" means an employee who has been employed:

(1) for at least 12 months by the employer with respect to whom leave is requested; and

(2) for at least 1,250 hours of service with such employer during the previous 12-month period.[29]

The term "hours of service" means hours actually worked.[30] An employee's hours of service do not include hours for which the employee received compensation but where no work is performed, such as vacation, holiday, or sick leave.[31] Ms. Alexander has the burden to prove that she has in fact performed at least 1,250 hours of service by producing sufficient evidence of the amount and extent of that work as a matter of just and reasonable inference.[32]

---

[28] *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014).
[29] 29 U.S.C. § 2611(2)(A).
[30] 29 C.F.R. § 825.110(c)(1) ("whether an employee has worked the minimum 1,250 hours of service is determined according to the principles established under the Fair Labor Standards Act (FLSA) for determining compensable hours of work. The determining factor is the number of hours an employee has worked for the employer within the meaning of the FLSA.") (citation omitted).
[31] *E.g., McArdle v. Town of Dracut/Dracut Pub. Schs.*, 732 F.3d 29, 33 (1st Cir. 2013).
[32] Order, Dkt. #45 at 8 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *partially superseded by state on other grounds as described in IBP, Inc. v. Alvarez*, 546 U.S. 21, 26 (2005)).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### *Defendant's Objections to Plaintiff's Proposed Instruction No. 40*

Boeing objects to Ms. Alexander's Proposed Instruction No. 40 because it misplaces the burden on Boeing to prove that Ms. Alexander was not an "eligible employee" under the FMLA. Under the FMLA, the "[p]laintiff bears the burden to demonstrate FMLA eligibility." *Sullivan v. Dollar Tree Stores, Inc.*, No. CV-07-5020-EFS, 2008 WL 1730079 (E.D. Wash. Apr. 10, 2008) *aff'd,* 623 F.3d 770 (9th Cir. 2010); *see also Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) (the employee must establish that she was eligible for the FMLA's protections). Thus, Ms. Alexander must prove that she worked at least 1,250 "hours of service" under the principles established under the FLSA. 29 C.F.R. § 825.110(c)(1); *see Brock v. Seto*, 790 F.2d 1446, 1447-48 (9th Cir. 1986) (Under the FLSA, the employee has the burden of proving that she performed the work for which she was not compensated). The only exception to this rule is where "an employer does not maintain an accurate record of hours worked by an employee." 29 C.F.R. § 825.110(c)(3). Boeing has maintained an accurate record of Ms. Alexander's hours worked, which was based on time entries she herself submitted and certified as accurate. As the Court has observed, Ms. Alexander does not dispute that she recorded 1,203.2 hours of total work for 2012. Dkt. # 45 at 7. Ms. Alexander has the burden to show that she worked a sufficient number of unrecorded hours that she was FMLA-eligible in 2013.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## INSTRUCTION NO. 42

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 42

## FMLA—SERIOUS HEALTH CONDITION

The term "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves:

(1)    Inpatient care in a hospital, hospice, or residential medical care facility; or

(2)    Continuing treatment by a health care provider.

Continuing treatment by a health care provider may include any period of incapacity or treatment for such incapacity due to a chronic serious health condition, a permanent or long-term period of incapacity due to a condition for which treatment may not be effective, and/or any period of absence for the purpose of receiving multiple treatments.

*Migraine headaches are a serious health condition.*

**AUTHORITY:** 29 U.S.C. § 2611(11); C.F.R. § 825.113(d); Defendant Boeing Leaves of Absence Policy Handbook, Exhibit 11, TBC 0769.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 35

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

***Plaintiff's Objections to Defendant's Alternative Instruction No. 42***

First, Boeing's own policies state that migraine headaches are a serious health condition for purposes of the FMLA. See Exhibit 11, Defendant Boeing Leaves of Absence Policy Handbook, TBC 0769, and Exhibit 51 (Training materials for managers entitled: "Sample events which can put you on notice of an employee's need for FMLA leave," at TBC 1066). The FMLA regulations also provide that migraines are a serious health condition for purposes of the FMLA. C.F.R. § 825.113(d).

Second, Plaintiff's proposed instruction No. 42 is an accurate statement of the law and should be provided to the jury. Defendant's instruction is confusing, which is probably the intention. Irrelevant sections should be removed, including:

1) References to hospitalization or residential care

2) References to historical facts (treatment two or more times within 30 days from the first day of incapacity) related to this well-established serious health condition

3) Indicates doctor "visits for treatment" are "required" where after some years, Plaintiff did not go back to the doctor because she had prescriptions or a doctor approved home regimen of treatment

The question of whether migraines are a serious health condition is not in dispute, and in fact should not be present to the jury at all, much less in a confusing fashion.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 42

## FMLA—SERIOUS HEALTH CONDITION

The term "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves--

(1) inpatient care in a hospital, hospice, or residential medical care facility; or

(2) continuing treatment by a health care provider.[33]

A serious health condition involving continuing treatment by a health care provider includes a period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

(1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider; or

(2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider. Treatment by a health care provider means an in-person visit to a health care provider.[34]

A serious health condition involving continuing treatment also includes any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A "chronic serious health condition" is one which:

(1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider, or by a nurse under direct supervision of a health care provider;

(2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and

(3) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).[35]

---

[33] 29 U.S.C. § 2611(11).
[34] 29 C.F.R. § 825.115(a) (omissions to fit facts of case);
[35] 29 C.F.R. § 825.115(c)

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 37

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### *Defendant's Objections to Plaintiff's Proposed Instruction No. 42*

Boeing objects to Ms. Alexander's Proposed Instruction No. 42, which expressly states the very conclusion she wishes the jury to reach—that "[m]igraine headaches are a serious health condition." Ms. Alexander is correct that migraine headaches *may* be a serious health condition under the FMLA. It is disputed, however, whether *her* migraine headaches were a serious health condition under the FMLA. That is a question for the jury. Ms. Alexander's proposed instruction takes favorable snippets of the FMLA regulations defining "serious health condition," while omitting other relevant provisions. Boeing's proposed instruction, on the other hand, reproduces all the relevant language from the applicable regulations, without selective editing or conclusory argument.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 38

**INSTRUCTION NO. 43**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 43**

**FMLA—NEGATIVE FACTOR**

The FMLA prohibits the use of FMLA-protected leave as a negative factor against Plaintiff at all. The FMLA guarantees that an employee's taking of leave will not result in a loss of job security or in any other adverse employment actions. Plaintiff may prove that Defendant interfered with her rights in violation of FMLA by showing, by a preponderance of the evidence, that her taking of FMLA-protected leave constituted a negative factor in the decision to discipline and/or terminate her.

Where an employee is subjected to negative consequences because she has used FMLA leave, the employer has interfered with the employee's FMLA rights.

**AUTHORITY:** 29 C.F.R. § 825.220(a)(1); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124, 1131 (9th Cir. 2001); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1132, 1135-36 (9th Cir. 2003).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 39

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### _Plaintiff's Objections to Defendant's Alternative Instruction No. 43_

Plaintiff's Instructions Nos. 43, 44 and 45 are accurate statements of the law. Defendant's proposed Alternative Instruction No. 43 is an incorrect statement of the law in the Ninth Circuit and would constitute reversible error if given. The Ninth Circuit authority on this subject is clear: if an employer uses an employee's FMLA leave as a negative factor "at all", the employer has interfered with the employee's FMLA rights. 29 C.F.R. § 825.220(a)(1); _Bachelder v. Am. W. Airlines, Inc._, 259 F.3d 1112, 1124, 1131 (9th Cir. 2001); _Xin Liu v. Amway Corp._, 347 F.3d 1125, 1132, 1135-36 (9th Cir. 2003). Defendant would have the Court provide a "but for" instruction which is not the law in the State of Washington for discrimination cases. In _Mackay v. Acorn Custom Cabinetry, Inc.,_ 127 Wn.2d 302, 310 (1995), the Washington Supreme Court found:

> Washington's disdain for discrimination would be reduced to mere rhetoric if this court were to require proof that one of the attributes enumerated in RCW 49.60.180(2) was a "determining factor" in the employer's adverse employment decision. This court will not render its own words, and those of the Legislature, hollow. Accordingly, we decline to adopt the "determining factor" standard in a case involving a discrimination claim brought pursuant to RCW 49.60.180(2). Instead, we hold that in order to prevail on such a claim a plaintiff must prove that an attribute listed in RCW 49.60.180(2) was a "substantial factor" in an employer's adverse employment decision.

This is not a Title VII case and motive is not an issue in an FMLA interference claim. The FMLA interference claim is not subject to the "same action" defense or "motivating factor" standard. It would be reversible error to give either of Defendant's proposed Instructions No. 43. Plaintiff respectfully urges the Court to give the jury its Instruction No. 43 as it is the correct statement of the law.

## DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 43A

## FMLA—NEGATIVE FACTOR

Ms. Alexander claims that her taking protected FMLA leave was a motivating factor for Boeing's decision to terminate her employment.[36] Boeing denies that Ms. Alexander's taking protected FMLA leave was a motivating factor for its decision to terminate her employment and further claims that its decision was based upon a lawful reason.[37]

As to Ms. Alexander's claim that her taking protected FMLA leave was a motivating factor for the defendant's decision to terminate her employment, Ms. Alexander has the burden of proving both of the following elements by a preponderance of the evidence:

    1.    Ms. Alexander's employment was terminated by Boeing; and

    2.    Ms. Alexander's taking protected FMLA leave was a motivating factor in Boeing's decision to terminate her employment.[38]

If you find that Ms. Alexander has failed to prove either of these elements, your verdict should be for Boeing. If Ms. Alexander has proved both these elements, Ms. Alexander is entitled to your verdict, even if you find that Boeing's conduct was also motivated by a lawful reason. If, however, Boeing proves by a preponderance of the evidence that Boeing would have made the same decision even if Ms. Alexander's taking protected leave had played no role in the employment decision, your verdict should be for Boeing.[39]

---

[36] 9th Cir. 10.1A (Civil Rights—Title VII—Disparate Treatment—Where Evidence Supports "Sole Reason" or "Motivating Factor").

[37] *Id.*

[38] 9th Cir. 101B (Civil Rights—Title VII—Disparate Treatment—"Motivating Factor"—Elements and Burden of Proof).

[39] *Id.*; *see also* Third Circuit Model Civil Jury Instructions (Civil) § 2615(a)(2) (FMLA).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 43B**

**FMLA—NEGATIVE FACTOR**

You must decide whether Boeing terminated Ms. Alexander's employment because of her taking FMLA-protected leave. Put another way, you must decide whether Ms. Alexander's taking FMLA-protected leave was the main reason for Boeing's decision. To determine that Boeing terminated Ms. Alexander's employment because of her taking FMLA-protected leave, you must decide that Boeing would not have terminated Ms. Alexander's employment if Ms. Alexander had not taken FMLA-protected leave but everything else had been the same.

Boeing claims that it did not terminate Ms. Alexander's employment because of her taking FMLA protected leave and that it took the action for other reasons. An employer may not take an adverse action against an employee because of the employee's FMLA-protected activity. But an employer may discharge for any other lawful reason, good or bad, fair or unfair. If you believe Boeing's reasons for its decision, and you find that Boeing did not make its decision because of Ms. Alexander's taking FMLA-protected leave, you must not second guess that decision, and you must not substitute your own judgment for Boeing's judgment—even if you do not agree with it.

As I have explained, Ms. Alexander has the burden to prove that Boeing's decision to terminate Ms. Alexander's employment was because of her taking FMLA-protected leave. I have explained to you that evidence can be direct or circumstantial. To decide whether Ms. Alexander's termination was because of her taking FMLA-protected leave, you may consider the circumstances of Boeing's decision. For example, you may consider whether you believe the reasons that Boeing gave for the decision. If you do not believe the reasons that it gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true retaliatory reasons for the decision.[40]

---

[40] *Eleventh Circuit Civil Pattern Jury Instructions* § 4.15, at 252-53 (2013), *available at* http://www.ca11.uscourts.gov/pattern-jury-instructions (modified to fit facts of case; all operative language the same).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 42

Boeing objects to Ms. Alexander's proposed instruction, which would create liability under the FMLA whenever an employer uses FMLA-protected leave "as a negative factor . . . at all." Under Ms. Alexander's proposed instruction, an employer would be liable for taking any action against an employee, no matter how small and no matter how attenuated the causation, so long as it was based in any way on the employee's past use of FMLA leave, no matter how insignificant to the employer's decision. Ms. Alexander's sweeping interpretation cannot be what the Department of Labor (or Congress) intended in promulgating 29 C.F.R. § 825.220(c).

The most logical reading of the regulation is that it simply prohibits discrimination based on use of FMLA-protected leave in the same way that Title VII prohibits consideration of other protected characteristics in employment decisions. Most circuits, but not the Ninth Circuit, have adopted that interpretation. *See, e.g.*, *Potenza v. City of N.Y.*, 365 F.3d 165, 168 (2d Cir. 2004) (per curiam). If that interpretation is correct, then the "negative factor" FMLA jury instruction should just track the Title VII "motivating factor" instructions. *See* Def. Alt. Inst. 43a.

However, the Ninth Circuit has expressly held that a "negative factor" claim is not a discrimination claim but rather a species of an "interference" claim. *See Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1135-36 (9th Cir. 2003). Unfortunately, while the *Xin Liu* court rejected the Title VII burden-shifting approach that prevails in other circuits, it did not set forth an alternative. Boeing offers the Court an alternative—a "but for cause" instruction (No. 43b) taken directly from the Eleventh Circuit model instruction. This approach is consistent with the statutory text of the FMLA, which requires that the employee actually have "been prejudiced by the [employer's] violation." *See Ragsdale*, 535 U.S. at 89; *see also Gross v. FBL Fin. Servs.*, 557 U.S. 167, 174, 177-78 (2009) (because the text of the Age Discrimination in Employment Act (ADEA) "does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor," an ADEA "plaintiff must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision.").

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 43

**INSTRUCTION NO. 44**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 44**

**FMLA INTERFERENCE**

Interference with FMLA leave is prohibited.

To establish her claim of interference with FMLA leave, Jill Alexander has the burden of proving each of the following propositions by a preponderance of the evidence:

(1) that she took FMLA leave;

(2) that Boeing took adverse action(s) such as discipline and/or termination against her; and

(3) that her taking of FMLA leave constituted a negative factor in the decision to discipline and/or terminate her.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Ms. Alexander on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Boeing on this claim.

**AUTHORITY:** 29 C.F.R. § 825.220(a)(1); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124, 1131 (9th Cir. 2001); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1132, 1135-36 (9th Cir. 2003).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 44

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### *Defendant's Objections to Plaintiff's Proposed Instruction No. 44*

Boeing objects to Ms. Alexander's Proposed Instruction No. 44 because it is redundant with her Proposed Instruction No. 43 ("FMLA Negative Factor") and confusingly different from her Proposed Instruction No. 36, which is also labeled "FMLA Interference."

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**INSTRUCTION NO. 45**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 45**

**FMLA NO INTENT REQUIREMENT**

An employer's good faith or lack of knowledge that its conduct violates the FMLA does not protect it from liability. An employer who acts in good faith and without knowledge that its conduct violated the Act is still liable regardless of its intent.

**AUTHORITY:** *Sanders v City of Newport,* , 657 F.3d 772, 778 (9th Cir. 2011)(In interference claims, the employer's intent is irrelevant to a determination of liability. *See Xin Liu,* 347 F.3d at 1135; *Bachelder,* 259 F.3d at 1130; *Edgar,* 443 F.3d at 507 ("The employer's intent is not a relevant part of the entitlement inquiry under § 2615."); *see also Colburn v. Parker Hannifin/Nichols Portland Div.,* 429 F.3d 325, 332 (1st Cir.2005) ("[E]mployer motive plays no role in a claim for substantive denial of benefits."); *Smith,* 298 F.3d at 960 ("If an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a deprivation of this right is a violation regardless of the employer's intent."); *see also Strickland,* 239 F.3d at 1208; *Hodgens,* 144 F.3d at 159). *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1130 (9th Cir. 2001); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1135 (9th Cir. 2003).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 46

***Defendant's Objections to Plaintiff's Proposed Instruction No. 45***

Boeing objects to Plaintiff's Proposed Instruction No. 45 because it directly contradicts her Proposed Instructions 43 and 44, which recognize that an employer's subjective motivations are relevant to an FMLA "negative factor" claim. Ms. Alexander's "no intent" requirement is irreconcilable with her position that Boeing is liable under the FMLA if "her taking of FMLA leave constituted a negative factor *in the decision* to . . . terminate her." Pl. Prop. Inst. No. 44 (emphasis added). Throughout this litigation, Ms. Alexander has alleged that Boeing "discriminated" and/or "retaliated" against her for exercising her FMLA rights. *See, e.g.*, Compl., Dkt. # 7, ¶ 3 at 4 ("Defendant discriminated against Plaintiff because of her . . . protected medical leaves of absence."); Plaintiff's Motions in Limine, Dkt. # 46, at 2 ("Plaintiff was terminated from [Boeing] . . . in retaliation for taking protected leave . . . ."). Boeing's "intent" is directly at issue in Ms. Alexander's FMLA claims.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 46**

**PERMISSIVE INFERENCE**

You may find that plaintiff's disability was a motivating factor in defendant's decision to discipline and/or discharge plaintiff if it has been proved by the preponderance of the evidence that defendant's stated reason(s) for its decisions are not the true reasons, but are a "pretext" to hide discriminatory motivation.

**Authority:** *Reeves v. Sanderson Plumbing Products, Inc.,* 120 S. Ct. 2097, 2108 (2000); *Townsend v. Lumbermens Mut. Cas. Co.,* 294 F. 3d 1232 (10th Cir. 2002) citing *Smith v. Borough of Wilkinsburg,* 147 F.3d 272 (3d Cir. 1998) and *Cabrera v. Jakabovitz,* 24 F.3d 372, 382 (2nd Cir.), *cert. denied,* 513 U.S. 876, 115 S. Ct. 205, 130 L.Ed.2d 135 (1994).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Boeing objects to Plaintiff's Proposed Instruction No. 46, an explicit instruction on pretext. Neither the Washington Pattern Instructions nor the Ninth Circuit Model Instructions provide for a permissive pretext instruction in discrimination cases. To the contrary, the law of this circuit is unequivocal that no permissive pretext instruction is required. *See, e.g.*, *Browning v. United States*, 567 F.3d 1038, 1041-42 (9th Cir. 2009) (affirming district court's refusal to give permissive pretext instruction and noting circuit split on question); *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1041 (9th Cir. 1987) (refusal to give a permissive pretext instruction in discrimination case was not reversible error). Ms. Alexander cites no Ninth Circuit case, and the Supreme Court case she cites, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000), does not mention (much less require) a permissive pretext instruction. As the Ninth Circuit wrote in *Browning*, a plaintiff is "free to explain to the jurors that they could find the [defendant's] reasons for [terminating] her to be pretextual and infer an unlawful motive." 567 F.3d at 1042. But an explicit instruction on an inference that is permissive rather than obligatory would be inappropriate and unnecessary. *See, e.g.*, *Gehring v. Case Corp.*, 43 F.3d 340, 343 (7th Cir. 1994) (affirming refusal to give permissive inference instruction in discrimination case; "a judge need not deliver instructions describing all valid legal principles. Especially not when the principle in question describes a permissible, but not an obligatory, inference. Many an inference is permissible. Rather than describing each, the judge may and usually should leave the subject to the argument of counsel.").

**INSTRUCTION NO. 47**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 53**

**LAW PREVAILS OVER POLICY**

Where the law and an employer's policy conflict, the law prevails over the policy.

**Authority:** 29 C.F.R. §825.700; Defendant Leaves of Absence Policy Handbook ("As applicable, federal, state, and local laws will take precedence over this handbook. ")

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### *Defendant's Objections to Plaintiff's Proposed Instruction No. 47*

Boeing objects that Ms. Alexander's Proposed Instruction No. 47 improperly suggests that Boeing's policies somehow conflict with the law. Her instruction is misleading, biased, and unhelpful. Her proposed instruction finds no support in any model instruction, nor does Ms. Alexander does not cite a single case in which any such instruction was offered—let alone given.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 51

**<u>INSTRUCTION NO. 48</u>**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 48**

**CORPORATION ACTS THROUGH ITS EMPLOYEES**

Boeing is a corporation. A corporation can act only through its officers and employees.

Any act or omission of an officer or employee is the act or omission of the corporation.

**AUTHORITY:**

A corporation can act only through its agents, and when its agents act within the scope of their actual or apparent authority, their actions are the actions of the corporation itself. *Mauch v. Kissling*, 56 Wn.App. 312, 316, 783 P.2d 601 (1989); *American Seamount Corp. v. Science and Engineering Associates, Inc.*, 61 Wn.App. 793, 796–97, 812 P.2d 505 (1991). Corporate liability also extends to the agents' unauthorized acts whenever the corporation is deemed to have ratified those acts. *See In re Spokane Concrete Products, Inc.*, 126 Wn.2d 269, 892 P.2d 98 (1995).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### *Defendant's Objections to Plaintiff's Proposed Instruction No. 48*

Boeing objects to Ms. Alexander's Proposed Instruction No. 48 on the grounds that it is unnecessary, unhelpful, and misstates the law by omitting the basic agency law requirement that an employee-agent's acts are those of the employer-principal only if such acts are within the scope of agent's authority. *See Mauch v. Kissling*, 56 Wn. App. 312, 316 (1989).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**INSTRUCTION NO. 49**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 49**

**BUSINESS JUDGMENT**

In reaching your verdict on Ms. Alexander's discrimination claims, you may not find for

Ms. Alexander just because you may disagree with Boeing's decisions, because you believe that

Boeing's decisions were mistaken, harsh, or unreasonable, or because you think that different

conduct would have been better or more fair.[41]  You are not to second-guess those decisions or to

otherwise substitute your judgment for Boeing's.[42]  It does not matter whether Boeing's conduct

was wise, fair, correct, or consistent with its policies or commitments—as long as it did not

constitute unlawful discrimination based on disability or a violation of the FMLA.[43]

---

[41] *See* 8th Cir. Manual of Model Civil Jury Instructions § 5.94, at 310 (2012) ("You may not return a verdict for the plaintiff just because you might disagree with the defendant's decision or believe it to be harsh or unreasonable."), *available at* http://federalevidence.com/pdf/JuryInst/8th_Civ_2012.pdf; *Walker v. AT&T Techs.*, 995 F.2d 846, 849 (9th Cir. 1993) (reversing district court for denying employer-defendant's request for instruction that explains that an employer has the right to make subjective personnel decision for any reason that is not discriminatory); *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 190 n.14 (2001) ("It is not unlawful for an at-will employee to be discharged because he or she is perceived to have misbehaved . . . and courts must not be used as a forum for appealing lawful employment decisions simply because employees disagree with them."), *overruled on other grounds by McClarty v. Totem Elec.*, 157 Wn.2d 214 (2006).

[42] *Wash. Fed'n of State Employees v. State Personnel Bd.*, 29 Wn. App. 818, 820 (1981) ("[T]he courts of this state are ill equipped to act as super personnel agencies."); *Rodriguez-Cuervos v. Wal-Mart Stores*, 181 F.3d 15, 22 (1st Cir. 1999) (whether employer treated employee "fairly" was irrelevant; "courts may not sit as super personnel departments, assessing the merits—or even the rationality—of employers' nondiscriminatory business decisions.") (internal quotation marks and citation omitted); *Sharpe v. American Tel & Tel. Co.*, 66 F.3d 1045, 1050 (9th Cir. 1995) ("We have long held that discrimination laws are not intended as a vehicle for general judicial review of business decisions") (internal quotations and citations omitted).

[43] *Brocklehurst v. PPG Indus.*, 123 F.3d 890, 898 (6th Cir. 1997) (district court erroneously refused to issue business judgment instruction in employment discrimination case); *Deines v. Texas Dep't of Protective & Reg. Servs.*, 164 F.3d 277, 281-82 (5th Cir. 1999) (district court correctly instructed jury that "Whether the employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide."); *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) (an "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason").

Defendant submits a jury instruction which misstates the law and denies inferences the jury is allowed to make from the evidence. The instruction is not approved by the Ninth Circuit's Model Jury Instruction committee for discrimination cases as it plainly misstates the law. Allowing it will require additional instructions to correct the implication that the jury may not infer discrimination from various types of circumstantial evidence.

While other circuits have adopted the Business Judgment instruction, the 9th Circuit Model instructions do not include it. In addition, Washington Courts have held such instructions to be error.

> Moreover, the proposed instruction contains an erroneous statement of the law. In *Baldwin*, this court struck a balance between the employer's interest in making personnel decisions and the employee's interest in continued employment by approving a just cause standard which checks the employer's subjective good faith standard with an objective reasonable belief standard. *Baldwin* [112 Wn.2d. 127] at 139. By directing the jury to give substantial weight to the employer's decision, the proposed instruction alters the balance carefully delineated in *Baldwin*, and shifts it impermissibly in favor of the employer.

*Havens v C&D Plastics*, 122 Wn 2d 156, 167 (1994). Plaintiff has the burden of proving illegal motive in discrimination and retaliation cases, which is laid out quite clearly in the model and pattern instructions. Defendant's Proposed Instruction No. 49 improperly limits the methods Plaintiff may use to prove that motive. See also *Burchfiel v. Boeing Corp.*, 149 Wash. App. 468, 493, 205 P.3d 145, 157 (2009) (Not error to deny Business Judgment instruction which "added nothing new," and "Boeing was able to argue its theory of the case on the instructions as given."). If Defendant's Instruction No. 49 is given, the Court should also give the jury Plaintiff's Proposed Instruction No. 46 regarding "Permissive Inference". *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**INSTRUCTION NO. 50**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 50**

**DAMAGES PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any or all of the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority:** Ninth Circuit Instructions on Damages 5.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### *Plaintiff's Objections to Defendant's Proposed Instruction No. 50*

Plaintiff's proposed instruction is directly from the Ninth Circuit Instructions on Damages 5.1 and is the proper instruction together with Instruction No. 51.

Plaintiff's Proposed Instruction No. 51 includes the items of damages which should be included if inserted into the 9th Circuit Model Instruction 5.1. They are from the WPI 330.81.

The language from Model Instruction 5.2 for emotional distress types of damages should not be minimized to the point Defendant seeks here. Plaintiff's Instruction Nos. 50 and 51 should be given.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**DEFENDANT'S ALTERNATIVE INSTRUCTION NO. 50**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ms. Alexander on any of her claims, you must determine Ms. Alexander's damages. Ms. Alexander has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Ms. Alexander for any injury you find was caused by Boeing. You should consider:[44]

(1) The reasonable value of wages, if any, lost by plaintiff as a proximate result of defendant's unlawful conduct; and

(2) The emotional distress experienced and which with reasonable probability will be experienced in the future;[45]

Emotional distress damages may be awarded only if you find that Ms. Alexander has proven her disability discrimination claims. You may not award damages for emotional distress if you find for Ms. Alexander on her FMLA claims but not on her disability discrimination claims.[46]

It is for you to determine what damages, if any, have been proved.[47]

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.[48]

---

[44] 9th Cir. 5.1.
[45] 9th Cir. 5.2 (modified).
[46] *Farrell v. Tri-County Metro. Transp. Dist. of Ore.*, 530 F.3d 1023, 1025 (9th Cir. 2008) ("recovery for emotional distress is not available under the FMLA").
[47] 9th Cir. 5.1.
[48] 9th Cir. 5.1.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 58

## **_Defendant's Objections to Plaintiff's Proposed Instruction No. 50_**

Boeing objects to Ms. Alexander's Proposed Instruction No. 50 on the ground that Boeing's instruction follows more precisely Ninth Circuit Model Instruction Nos. 5.1 and 5.2. Instruction 5.1 provides that the Court should "insert [the] type of damages" based Instruction 5.2 in the same instruction. Boeing's proposed instruction does so, while Ms. Alexander's does not. Boeing's instruction also helpfully instructs the jury that it is not to award emotional distress damages unless it finds for Ms. Alexander on her disability discrimination claims. This instruction is necessary because the jury could easily be confused about which types of damages are permitted under the various causes of action at issue.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 59

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**<u>INSTRUCTION NO. 51</u>**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 52**

**MEASURE OF TYPE OF DAMAGES**

In determining the measure of damages, you should consider:

*The emotional harm to Jill Alexander caused by Boeing's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Ms. Alexander in the future;*

The reasonable value of wages, earnings, and earning capacity lost to the present time; and

The reasonable value of wages, earnings, and earning capacity which with reasonable probability will be lost in the future.

**Authority**: Ninth Circuit Instruction on Damages 5.2, edited with WPI 330.81 Damages—Employment Discrimination—Economic and Non-Economic.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### ***Defendant's Objections to Plaintiff's Proposed Instruction No. 51***

Boeing objects to Ms. Alexander's Proposed Instruction No. 51 for the reasons stated in its objections to Proposed Instruction No. 50.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**INSTRUCTION NO. 52**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 52**

**DAMAGES—EMOTIONAL DISTRESS, IF ANY**

If you find for Ms. Alexander on her disability discrimination claims, you may, but are not required to, award her damages for emotional distress caused by Boeing's conduct. You may not award such damages based on speculation or conjecture, but only if Ms. Alexander satisfied her burden of proving actual emotional distress.[49] Ms. Alexander has the burden to prove that Boeing's discriminatory conduct caused any emotional distress she suffered.[50] The evidence must be sufficient to establish that Boeing's conduct "probably" or "more likely than not" caused Ms. Alexander's emotional distress, rather than that the conduct "might have," "could have," or "possibly did" cause the emotional distress.[51] The law has not furnished us with any fixed standards by which to measure emotional distress.[52] With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by these instructions.[53]

---

[49] WPI 30.02.01.
[50] *Dean v. Municip. of Metro. Seattle-Metro*, 104 Wn.2d 627, 641-42 (1985).
[51] *Xieng v. Peoples Nat'l Bank of Wash.*, 63 Wn. App. 572, 582 (1991).
[52] WPI 330.81.
[53] *Id.*; 9th Cir. 5.1.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 62

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

***<u>Plaintiff's Objections to Defendant's Proposed Instruction No. 52</u>***

Plaintiff's instruction is a fair combination of the Ninth Circuit Instructions on Damages and Washington Pattern Instructions. Defendant takes as its model the instruction for personal injury cases where there is a contributory negligence component. WPI 30.02.01. This instruction is inapplicable here and would be improper to give.

Plaintiff suggests that the Court give the jury either the 9th Circuit Model 5.1 and 5.2, or the Washington State Model 330.81 or a combination thereof, as Plaintiff has proposed.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 63

## INSTRUCTION NO. 53

### DEFENDANT'S PROPOSED INSTRUCTION NO. 53

### PROXIMATE CAUSE

You may award only those damages that you find were "proximately caused" by Boeing's unlawful conduct, if any.[54] The term "proximate cause" means a cause that is related to the injury in two ways:  (1) the cause produced the injury in a direct sequence unbroken by any new, independent cause, and (2) the injury would not have happened in the absence of the cause.[55] You may not award damages more than once for the same economic or emotional harm, even if you find that an act by Boeing proximately caused the harm.[56]

---

[54] *Martini v. Boeing*, 137 Wn.2d 357, 368 (1999) ("[O]nly lost pay which was proximately caused by an unlawful act of discrimination could be awarded . . . . The determinations of both proximate cause and mitigation are factual matters for the jury, operating to limit front and back pay awards in cases where there has been discrimination but no finding of constructive discharge.");
[55] WPI 15.01.01.
[56] *Eagle Point Condo Owners Ass'n v. Coy*, 102 Wn. App. 697, 702 (2000).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 64

Defendant's Proposed Instruction clearly violates the law. The model instructions from either 9th Circuit (5.1 and 5.2) or the Washington pattern 300.81 adequately identify the burden of causation of damages, and the other instructions more than adequately define the burdens of proof. Inserting a proximate cause instruction creates an opportunity for Boeing to argue its hoped-for, but inapplicable, "same action" defense; to ask the jury to speculate that Ms. Alexander was unemployable or would have been fired for absences before getting her migraines under control; or to argue that it's interference with her FMLA rights was not a "proximate cause" of her damages.

See comment to WPI 15.02 Proximate Cause—Substantial Factor Test:

The substantial factor test has been adopted by Washington courts in a variety of cases involving discrimination or unfair employment practices. See Donahue v. Central Washington University, 140 Wn.App. 17, 163 P.3d 801 (2007) (retaliation for constitutionally protected speech); Robel v. Roundup Corp., 148 Wn.2d 35, 59 P.3d 611 (2002) (disability discrimination); Wilmot v. Kaiser Aluminum and Chemical Corp., 118 Wn.2d 46, 69–70, 821 P.2d 18 (1991) (retaliation for filing workers' compensation claim); City of Federal Way v. Public Employment Relations Com'n, 93 Wn.App. 509, 513–14, 970 P.2d 752 (1998) (retaliation for union organizing activity); Mackay v. Acorn Custom Cabinetry, Inc., 127 Wn.2d 302, 898 P.2d 284 (1995) (gender discrimination); Allison v. Housing Authority of City of Seattle, 118 Wn.2d 79, 93–95, 821 P.2d 34 (1991) (age discrimination); and Fell v. Spokane Transit Authority, 128 Wn.2d 618, 911 P.2d 1319 (1996) (handicap discrimination in public accommodations). For related pattern jury instructions using the substantial factor test, see WPI 330.01, Employment Discrimination—Disparate Treatment—Burden of Proof, WPI 330.05, Employment Discrimination—Retaliation, and WPI 330.31, Disability Discrimination—Treatment—Burden of Proof.

Use of WPI 15.02.01 is improper in this case.

Finally, the last sentence is unnecessary if the special verdict forms are appropriate.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**INSTRUCTION NO. 55**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 55**

**FRONT PAY AND BACK PAY**

If you find in favor of Ms. Alexander on her claims against Boeing, you must determine whether or not defendants' actions caused Ms. Alexander to lose compensation (including salary and benefits) of a certain dollar amount between the time of her separation from Boeing to the present.[57] You must also determine whether or not Boeing's actions caused Ms. Alexander to lose compensation in the future. Damages for compensation lost prior to trial are called "back pay" or "past earnings" and damages for compensation lost after trial are called "front pay" or "lost future earnings."

In calculating damages for lost future earnings, you should determine the present cash value of salary, pension, and other fringe benefits from today until the time Ms. Alexander may reasonably be expected to fully recover from the continuing effects of any violations of the FMLA or WLAD, decreased by any projected future earnings from another employer or self-employment.[58] Front pay should be awarded for a reasonably certain period of time that does not exceed the likely duration of Ms. Alexander's Boeing employment.[59]

---

[57] *Kubista v. Romaine*, 82 Wn.2d 62, 66 (1976) (general measure of damages for lost pay is those wages and benefits lost as a result of injuries proximately caused by defendant).
[58] WPI 330.82.
[59] WPI 330.82, Committee Comment (quoting *Lords v. N. Automotive Corp.*, 75 Wn. App. 589, 605 (1994), *overruled on other grounds by MacKay v. Acorn Custom Cabinetry, Inc.*, 127 Wn.2d 302 (1995)); *Blaney v. Int'l Ass'n of Machinists*, 151 Wn.2d 203, 210 (2004) (front pay should be awarded for a reasonably certain period of time that does not exceed the likely duration of the terminated employment).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 66

### *Plaintiff's Objections to Defendant's Proposed Instruction No. 55*

Plaintiff has no objection to the use of this instruction if it is modified to include Plaintiff's Proposed Instruction No. 56, which points out that lost wages can include unpaid time before her termination, or the use of sick leave or vacation time that she "could have worked" on those days "but was unable to do so because of" Boeing's purported violation. *Farrell v. Tri-Cnty. Metro. Transp. Dist. of Ore.*, 530 F.3d 1023, 1025 (9th Cir. 2008).

Plaintiff has added bracketed material to the Special Verdict Form for days' of wages lost prior to termination to correct the concern that damages might be awarded twice for the same missed work.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**INSTRUCTION NO. 56**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 56**

**DAYS MISSED COMPENSATION**


Plaintiff may be compensated for days of work that she missed because of stress or other mental problems resulting from the wrongful denial of FMLA leave.

**AUTHORITY:** *Farrell v. Tri-Cnty. Metro. Transp. Dist. of Oregon*, 530 F.3d 1023, 1025 (9th Cir. 2008).

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 68

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## _Defendant's Objections to Plaintiff's Proposed Instruction No. 56_

Boeing objects to Ms. Alexander's Proposed Instruction No. 56 on the ground that it is confusing, poses a serious risk of double-recovery, and attempts to circumvent the FMLA's bar to recovery for emotional distress damages. Moreover, the proposed instruction does not explain that Ms. Alexander must prove the extent of such "missed work" days damages, if any, and it does not explain that she must prove she "could have worked" on those days "but was unable to do so because of" Boeing's purported violation. _Farrell v. Tri-Cnty. Metro. Transp. Dist. of Ore._, 530 F.3d 1023, 1025 (9th Cir. 2008).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## <u>SPECIAL VERDICT FORMS</u>

### PLAINTIFF'S PROPOSED SPECIAL VERDICT FORMS

### VERDICT. DISABILITY DISCRIMINATION

If you found for Plaintiff on her Disability Discrimination claim, answer the following:

State the amount, if any, of lost wages that Plaintiff sustained as a result of Defendant's discrimination against her due to her disability. Also state the amount, if any, of emotional distress damages Plaintiff is entitled to due to Defendant's Discrimination.

Lost wages to present: $_____.

Lost Future wages: $_____.

Emotional Distress damages: $ _____.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# VERDICT.ACCOMMODATION CLAIM

If you found for Plaintiff on her Failure to Accommodate Claim, answer the following:

State the amount, if any, of lost wages that Plaintiff sustained as a result of Defendant's Failure to Accommodate. Also state the amount, if any, of emotional distress damages Plaintiff is entitled to due to Defendant's Failure to Accommodate.

Lost wages to present:   $_____.

Lost Future wages:   $_____.

Emotional Distress damages:  $ _____.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**VERDICT.FMLA CLAIM**

If you found for Plaintiff on any of her FMLA claims, answer the following:

State the amount, if any, of lost wages that Plaintiff sustained as a result of Defendant's violation(s) of the FMLA.

[Day wages lost prior to termination date:  $_____]

Lost wages to present:  $_____.

Lost Future wages:  $_____.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## <u>*Plaintiff's Objections to Defendant's Proposed Verdict Forms*</u>

Defendant proposes a confusing and complex Verdict Form in the hope that the jury will give up and not award damages to Plaintiff. This is unfair and wrong. There is no valid reason to have special interrogatories in this case, breaking down the elements of the accommodation claim into evidentiary detail.

For example, the instructions on the form would have no damages awarded if the jury finds for Plaintiff on FMLA and against her on disability discrimination: "If your answer to Question 4 is "Yes," proceed to Question 5. If your answer to Question 4 is "No" and your answer to Question 3 is "Yes," proceed to Question 6. If your answers to Questions 3 and 4 are "No," sign and date the verdict form and return it to the bailiff." The same problem arises after Question 5 and Question 2. But if the jury finds for Plaintiff on Question 1, damages would be awarded for the FMLA violation.

Plaintiff's proposed Verdict Forms are simple, to the point and an accurate statement of the case. Boeing's Verdict Forms, on the other hand, are replete with comments on the evidence and other errors.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS (No. C13-1369RAJ) – 73

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

## *FMLA/WFLA*

1.  Has Ms. Alexander proven by a preponderance of the evidence that Boeing denied or interfered with her rights under the Family and Medical Leave Act and the Washington Family Leave Act?

    YES _____    NO _____

    Proceed to Question 2.

## *Disability Discrimination (WLAD)*

2.  Has Ms. Alexander proven by a preponderance of the evidence that she was able to perform all the essential functions of her procurement manager position with or without a reasonable accommodation?

    YES _____    NO _____

    If your answer to Question 1 is "Yes," or your answer to Question 2 is "Yes," proceed to Question 3. If your answers to Question 1 and Question 2 are both "No," sign and date the verdict form and return it to the bailiff.

3.  Has Ms. Alexander proven by a preponderance of the evidence that her status as a disabled person was a substantial factor in Boeing's decision to process her termination?

    YES _____    NO _____

    Proceed to Question 4.

4.  Has Ms. Alexander proven by a preponderance of the evidence that Boeing failed to adopt an available, reasonable measure accommodating Ms. Alexander's migraine condition that would have enabled her to perform all the essential functions of her job?

    YES _____    NO _____

    If your answer to Question 4 is "Yes," proceed to Question 5. If your answer to Question 3 is "Yes," proceed to Question 5. If your answer to Question 1 is "Yes," proceed to question 5. If your answers to Questions 1, 3, and 4 are all "No," sign and date the verdict form and return it to the bailiff.

## *Damages*

Complete Question 5 if you answered "Yes" to Questions 1, 3 or 4. Complete Question 6 only if you answered "Yes" to Question 3 or 4.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

5. We find Ms. Alexander's lost wages proximately caused by Boeing to be $_____.

6. We find Ms. Alexander's damages for emotional distress to be $_____.

Sign and date the Verdict Form and return it to the bailiff.

_____

Presiding Juror

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### *Defendant's Objections to Plaintiff's Proposed Special Verdict Forms*

Boeing objects that Ms. Alexander's proposed verdict forms do not adequately break down the elements of the three causes of action in this case. The Ninth Circuit provides for special verdict forms in discrimination cases. *See, e.g.*, 9th Cir. 10.1A, Comment (Title VII); 9th Cir. 12.1A, Comment (ADA). The causes of action in this case are not straightforward, as the sheer volume of Ms. Alexander's proposed instructions suggests. Boeing's special verdict forms are an attempt to synthesize the elements of Ms. Alexander's legal claims in a way that will be helpful to lay jurors and enable them to faithfully apply the law to the facts.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000