THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

JILL ALEXANDER,

               Plaintiff,

    v.

THE BOEING COMPANY,

               Defendant.

CASE NO. C13-1369RAJ

COURT'S INSTRUCTIONS TO THE JURY

---

COURT'S INSTRUCTIONS TO THE JURY

---

Dated : August 25th, 2014.

_____

The Honorable Richard A. Jones
United States District Judge

1

## INSTRUCTION NO. 1

### Duty of Jury

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

### What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

## INSTRUCTION NO. 3

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits are received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 4**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### INSTRUCTION NO. 5

**Charts and Summaries Not Received in Evidence**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO. 6**

**Charts and Summaries in Evidence**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 7**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.     The opportunity and ability of the witness to see or hear or know the things testified to;

2.     The witness's memory;

3.     The witness's manner while testifying;

4.     The witness's interest in the outcome of the case and any bias or prejudice;

5.     Whether other evidence contradicted the witness's testimony;

6.     The reasonableness of the witness's testimony in light of all the evidence; and

7.     Any other factors that bear on believability.

The weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

8

## INSTRUCTION NO. 8

### Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9

**INSTRUCTION NO. 9**

**Use of Requests for Admissions by a Party**

Evidence was presented to you in the form of answers of one of the parties to written requests for admissions submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

# INSTRUCTION NO. 10

## Corporations—Fair Treatment & Liability

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration as any party.

Under the law, the corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

It is undisputed that the conduct of Boeing employees in disciplining and terminating Ms. Alexander was within the scope of their authority.

### INSTRUCTION NO. 11

**Burden of Proof – Preponderance of the Evidence**

When it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a preponderance of the evidence, or the expression "if you find" is used, it means that you must be persuaded, considering all the evidence in the case, that the proposition on which that party has the burden of proof is more probably true than not true.

## INSTRUCTION NO. 12

### Neutral Statement of the Claims and Defenses

Plaintiff Jill Alexander was employed with defendant The Boeing Company as a Procurement Manager.  Her team was responsible for working with the suppliers who manufactured the wings and other parts of Boeing's 787 Dreamliner aircraft.  Boeing terminated Ms. Alexander's employment on May 2, 2013.

Ms. Alexander suffers from migraine headaches.  Ms. Alexander claims that Boeing denied her protected leave and disciplined her for absences related to her migraine headaches in violation of the law.  She also claims that Boeing failed to accommodate her disability and unlawfully terminated her because of her disability and because she had taken protected medical leave.  Ms. Alexander claims that Boeing violated the Washington Law Against Discrimination ("WLAD"), the Washington Family and Medical Leave Act ("WFMLA"), and the Family Medical Leave Act ("FMLA").

Boeing denies Ms. Alexander's claims.  Boeing asserts that it treated Ms. Alexander fairly and in accordance with the law.  Boeing claims that Ms. Alexander's employment was terminated because she did not return to work or call in for three working days after the end of a leave of absence.  Boeing asserts that Ms. Alexander failed to make reasonable efforts to mitigate damages.

**INSTRUCTION NO. 13**

**Disability Discrimination Under the WLAD—Elements and Burden of Proof**

Discrimination in employment on the basis of disability is prohibited under the WLAD.

To establish her claim of discrimination on the basis of disability under the WLAD, Ms. Alexander has the burden of proving each of the following propositions:

(1)     That she has a disability;

(2)     That she is able to perform the essential functions of the job in question with reasonable accommodation; and

(3)     That her disability was a substantial factor in Boeing's decision to terminate her.  Ms. Alexander does not have to prove that her disability was the only factor or the main factor in the decision.  Nor does she have to prove that she would have been retained but for her disability.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Ms. Alexander on this claim.  On the other hand, if any of these propositions has not been proved, your verdict should be for Boeing on this claim.

14

**INSTRUCTION NO. 14**

**Disability Discrimination–Disability Defined**

A disability, under the WLAD, is a sensory, mental, or physical impairment that:

(1) Is medically recognized or diagnosable; or

(2) Exists as a record or history.

A disability may exist whether it is temporary or permanent, common or uncommon, mitigated or unmitigated, whether or not it limits the ability to work generally or work at a particular job, or whether or not it limits any other activity.

15

**INSTRUCTION NO. 15**

**Disability Discrimination—Essential Function Defined**

An essential function is a job duty that is fundamental, basic, necessary and indispensable to filling a particular position, as opposed to a marginal duty divorced from the essence or substance of the job.

In determining whether a function is essential to a position, you may consider, among others, the following factors:

(1)     Whether the reasons the position exists include performing that function;

(2)     The employer's judgment as to which functions are essential;

(3)     The judgment of those who have experience working in and around the position in question;

(4)     Any written job descriptions such as those used to advertise the position; and

(5)     The amount of time spent on the job performing the particular function.

**INSTRUCTION NO. 16**

**Disability Discrimination—Substantial Factor Defined**

Substantial factor means a significant motivating factor in bringing about the employer's decision.  Substantial factor does not mean the only factor or the main factor in the challenged act or decision.

# INSTRUCTION NO. 17

## Disability Discrimination—Reasonable Accommodation

One form of unlawful discrimination in employment under the WLAD on the basis of disability is a failure to reasonably accommodate an employee's disability.

To establish her claim of discrimination on the basis of failure to reasonably accommodate a disability under the WLAD, Ms. Alexander has the burden of proving each of the following propositions:

(1)     That she had an impairment that is medically recognizable or diagnosable or exists as a record or history; and

(2)     That either

    a.   Ms. Alexander gave Boeing notice of the impairment; or

    b.   No notice was required to be given because Boeing knew about Ms. Alexander's impairment; and

(3)     That the impairment had a substantially limiting effect on her ability to perform her job; and

(4)     That she would have been able to perform the essential functions of the job in question with reasonable accommodation; and

(5)     That Boeing failed to reasonably accommodate the impairment.

In determining whether an impairment has a substantially limiting effect, a limitation is not substantial if it has only a trivial effect.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for Ms. Alexander.  On the other hand, if any of these propositions has not been proved, your verdict should be for Boeing.

# INSTRUCTION NO. 18

## Disability Discrimination—Reasonable Accommodation Defined

Once an employer is on notice of an impairment, the employer has a duty to inquire about the nature and extent of the impairment, and to take affirmative steps to accommodate the employee's limitations to the extent that a reasonable accommodation is possible.  The employee has a duty to cooperate with her employer to explain the nature and extent of the employee's impairment and resulting limitations as well as her qualifications.

The obligation to reasonably accommodate applies to all aspects of employment, and an employer cannot deny an employment opportunity to a qualified employee because of the need to provide reasonable accommodation.

There may be more than one reasonable accommodation of a disability.  A reasonable accommodation may include adjustments in the manner in which essential functions are carried out, work schedules, scope of work, leave of absence, and changes in the job setting or conditions of employment that enable the person to perform the essential functions of the job.

**INSTRUCTION NO. 19**

**Disability Discrimination—Impairment Defined**

An impairment includes but is not limited to a physiological disorder or condition affecting one or more of the following body systems:  neurological, musculo-skeletal, special sense organs, respiratory, including speech organs, cardio-vascular, reproductive, digestive, genitor-urinary, hemic and lymphatic, skin, and endocrine.

## INSTRUCTION NO. 20

### Family and Medical Leave Act—General

In this case, Ms. Alexander claims that Boeing violated a federal law called the Family and Medical Leave Act ("FMLA") and a similar Washington State law called the Washington Family and Medical Leave Act, which is modeled on the FMLA.  These instructions refer to both laws as simply the FMLA.

The FMLA provides job security and leave entitlements for employees who need to take absences from work for personal medical reasons.  The FMLA creates two interrelated, substantive employee rights.  First, the employee has a right to take up to twelve weeks of leave per year for serious health conditions.  Second, the employee who takes FMLA leave has a right to return to her job or to a job equivalent in benefit, pay, and conditions of employment when she returns from leave.

# INSTRUCTION NO. 21

## Interference with FMLA Rights—Elements and Burden of Proof

The FMLA prohibits an employer from interfering with, restraining, or denying an employee's exercise of or the attempt to exercise FMLA rights.  Interference with an employee's rights under the FMLA includes refusing to authorize FMLA leave and discouraging an employee from using FMLA leave.  Ms. Alexander claims that Boeing interfered with her rights under the FMLA.  To establish this claim, Ms. Alexander has the burden of proving each of the following five propositions:

(1)     She was an eligible employee for the FMLA protections;

(2)     Boeing was covered by the FMLA;

(3)     She was entitled to leave under the FMLA;

(4)     She provided sufficient notice of her intent to take leave; and

(5)     Either

   a.   Boeing denied her FMLA benefits to which she was entitled, or

   b.   Boeing used Ms. Alexander's taking of FMLA-protected leave as a negative factor in employment actions, such as hiring, promotions, disciplinary actions, or termination.

An employer's good faith or lack of knowledge that its conduct violates FMLA is not relevant to this inquiry.

Boeing concedes that it is covered by the FMLA.

If you find from your consideration of all the evidence that each of these propositions has been proven, then your verdict should be for Ms. Alexander on this claim.  On the other hand, if any of these propositions has not been proven, your verdict should be for Boeing on this claim.

**INSTRUCTION NO. 22**

**Interference with FMLA Rights—Eligible Employee Defined**

An eligible employee is an employee who

(1)     has been employed by the employer for at least 12 months;

(2)     has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave; and

(3)     is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite.

The parties agree that the first and third elements have been met.

The term "hours of service" means actual hours worked.  This determination is not limited by a method of recordkeeping, or by compensation agreements that do not accurately reflect all of the hours the employee has worked for or been in service to the employer.  The determination of whether an employee meets the hours of service requirement must be made as of the date the FMLA leave is to start.

Before you can determine whether element two has been met, you must determine whether Boeing maintained an accurate record of actual hours worked.  If you find that Boeing maintained an accurate record of actual hours worked, then Ms. Alexander bears the burden to establish the second element.

However, if you find that Boeing did not maintain an accurate record of actual hours worked, then Boeing has the burden of showing that the employee has not worked the requisite hours.  In such a situation, Ms. Alexander has met this element if she proves that she has in fact performed work for which she was improperly compensated and if she produces sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference.  The burden then shifts to Boeing to show the precise number of hours worked or to present evidence sufficient to negate the reasonableness of the inference to be drawn from Ms. Alexander's evidence.

23

# INSTRUCTION NO. 23

## Interference with FMLA Rights—Entitled to Leave Defined

An employee is entitled to leave under the FMLA if she has a qualifying reason for leave.  An employee has a qualifying reason for leave if she has a serious health condition that makes the employee unable to perform the functions of her job.

Serious health condition means an illness, injury, impairment or physical or mental condition that involves (1) inpatient care in a hospital, hospice, or residential medical care facility, or (2) continuing treatment by a health care provider.

A serious health condition involving continuing treatment by healthcare provider includes a period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

(1)     Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider; or

(2)     Treatment by health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.

Treatment by a health care provider means an in-person visit to a health care provider.

A serious health condition involving continuing treatment also includes any incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:

(1)     Requires periodic visits (defined as at least twice a year) for treatment by healthcare provider; or

(2)     Continues over an extended period of time (including recurring episodes of a single underlying condition); and

(3)     May cause episodic rather than a continuing period of incapacity.

24

# INSTRUCTION NO. 24

## Interference with FMLA Rights—Sufficient Notice Explained

When the approximate timing of the need for leave is not foreseeable, an employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case.  It generally should be practicable for the employee to provide notice of leave that is unforeseeable within the time prescribed by the employer's usual and customary notice requirements applicable to such leave.  An employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances.  If an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied.

In order for the onset of an employee's FMLA leave to be delayed or denied due to lack of required notice, it must be clear that the employee had actual notice of the FMLA notice requirements.  This condition would be satisfied by the employer's proper posting of the required notice at the worksite where the employee is employed, and the employer's provision of the required notice in either an employee handbook or employee distribution as required in Instruction Number 25 below.

An employee shall provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request.  When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA.  When an employee seeks leave due to a qualifying reason, for which the employer has previously provided the employee FMLA-protected leave, the employee must specifically reference either the qualifying reason for leave or the need for FMLA leave.

# INSTRUCTION NO. 25

## Interference with FMLA Rights—Actual Notice of FMLA Notice Requirements

The FMLA provides for three types of notice that may be applicable here: General notice, eligibility notice, and rights and responsibilities notice.

With respect to general notice, every employer covered by the FMLA is required to post and keep posted on its premises, in conspicuous places where employees are employed, a notice explaining FMLA provisions and providing information concerning the procedures for filing complaints of violations of the FMLA.

With respect to eligibility notice, when an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances. Employee eligibility is determined (and notice must be provided) at the commencement of the first instance of leave for each FMLA-qualifying reason in the applicable 12-month period. All FMLA absences for the same qualifying reason are considered a single leave and employee eligibility as to that reason for leave does not change during the applicable 12-month period.

With respect to rights and responsibilities notice, employers must provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of the failure to meet these obligations. This notice shall be provided to the employee each time the eligibility notice is provided. If leave has already begun, the notice should be mailed to the employee's address of record. The notice of rights and responsibilities may be distributed electronically.

# INSTRUCTION NO. 26

## Damages—Proof & Measure of Type of Damages—WLAD

It is the duty of the Court to instruct you as to the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered on plaintiff's WLAD claim. Ms. Alexander has the burden of proving damages by a preponderance of the evidence.  You should consider the following:

If your verdict is for Ms. Alexander on her WLAD claim, you must determine the amount of money that will reasonably and fairly compensate her for such damages as you find where proximately caused by the acts of Boeing.

If you find for Ms. Alexander, you should consider the following:

(1)    The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial;

(2)    The reasonable value of lost future earnings and fringe benefits; and

(3)    The emotional harm to Ms. Alexander caused by Boeing's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by Ms. Alexander in the future.

In calculating damages for future wage loss you should determine the present cash value of salary, pension, and other fringe benefits from today until the time Ms. Alexander may reasonably be expected to fully recover from the continuing effects of any violation of the WLAD, decreased by any projected future earnings from another employer

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened.  There may be more than one proximate cause of an injury.

27

It is for you to determine what damages, if any, have been proved.  Your reward must be based on evidence and not upon speculation, guesswork or conjecture.  The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish.  With reference to these matters, you must be governed by your own judgment, by the evidence in that case, and by these instructions.

**INSTRUCTION NO. 27**

**Damages—Proof & Measure of Type of Damages—FMLA & WFMLA**

The Court will now instruct you on the measure of damages for Ms. Alexander's FMLA and WFMLA claims.  Again, by instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ms. Alexander on her FMLA and WFMLA claims, you must determine her damages.  Ms. Alexander has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Ms. Alexander for any injury you find was caused by Boeing.  You should consider the reasonable value of wages, earnings, benefits or other compensation lost by reason of a violation of the FMLA.

It is for you to determine what damages, if any, have been proved.  Your reward must be based on evidence and not upon speculation, guesswork or conjecture.

29

# INSTRUCTION NO. 28

## Damages—Mitigation under the WLAD

With respect to Ms. Alexander's WLAD claim, Ms. Alexander has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Boeing has the burden of proving by a preponderance of the evidence:

(1)     There were openings in comparable positions available for Ms. Alexander elsewhere after Boeing terminated her;

(2)     Ms. Alexander failed to use reasonable care and diligence in seeking those openings; and

(3)     The amount by which damages would have been reduced if plaintiff had used reasonable care and diligence in seeking those openings.

You should take into account the characteristics of Ms. Alexander and the job market in evaluating the reasonableness of Ms. Alexander's efforts to mitigate damages. If you find that Boeing has proved all of the above, you should reduce your award of damages under the WLAD for wage loss accordingly.

# INSTRUCTION NO. 29

## Damages—Mitigation under the FMLA

Under the FMLA, Ms. Alexander also has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Boeing has the burden of proving by a preponderance of the evidence:

(1) that Ms. Alexander failed to use reasonable efforts to mitigate damages; and

(2) the amount by which damages would have been mitigated.

**INSTRUCTION NO. 30**

**Redactions in Documents**

During this trial you may have seen evidence that contained blacked-out or redacted material. These redactions were made by instruction of the court or agreement of both parties.

You should not speculate as to what information was redacted or allow the redactions to influence your decisions in this case.

## INSTRUCTION NO. 31

### Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 32**

**Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on each question on the verdict form, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## INSTRUCTION NO. 33

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, Victoria Ericksen, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.