HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JILL ALEXANDER,

        Plaintiff,

   v.

THE BOEING COMPANY,

        Defendant.

CASE NO. C13-1369 RAJ

MINUTE ORDER

The following minute order is made by the direction of the court, the Honorable Richard A. Jones:

This matter comes before the court *sua sponte*. On August 25, 2014, the court held a conference regarding jury instructions. During the conference, defendant argued, among other things, that the court should include a "but for" causation instruction with respect to liability (Instructions 21 and 25) and damages (Instruction 27) for interference with FMLA rights. Defendant relied on 29 U.S.C. § 2617 and *Ragsdale v. Wolverine*

*World Wide, Inc.*, 535 U.S. 81 (2002).  The court provides one point of clarification as to its reasoning for rejecting defendant's argument with respect to liability.[1]

In *Ragsdale*, the Supreme Court identified the notice provisions in the FMLA, and noted that a violation of the notice provisions resulted in a categorical penalty against the employer by denying it any credit for leave granted before the notice.  535 U.S. at 88.  The Court reasoned that this penalty was unconnected to any prejudice the employee might have suffered from the employer's lapse.  *Id.*  The Court concluded that the categorical penalty was incompatible with the FMLA's comprehensive remedial mechanism.  *Id.* at 88.  The Court held that to prevail under the cause of action set out in section 2617, an employer must prove, as a threshold matter, that the employer violated section 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights.  *Id.*  The Court continued that even then, section 2617 provides no relief unless the employee has been prejudiced by the violation.  *Id.* (quoting §§ 2617(a)(1)(A)(i)(I) & (II)).  Section 2617 provides that any employer who violates section 2615 shall be liable to any eligible employee affected for damages equal to the amount of "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation[.]"  29 U.S.C. § 2617(a)(1)(A)(i)(I).

In *Ragsdale*, the court's discussion of the threshold matter, that the employer violated section 2615 by interfering with FMLA rights, made no mention of prejudice.  Rather, the discussion of prejudice specifically quoted the damages provision of section 2617.  Thus, the court believes that the prejudice discussed in *Ragsdale* refers to the award of damages that were denied "by reason of" a violation of section 2615.

---

[1] With respect to all other objections from the parties, the court relies on the legal authority cited in the draft jury instructions that were distributed to the parties.  Additionally, with respect to plaintiff's proposed additional instruction number 23, the court did not use the parts of the instruction that referenced the 12 month employment requirement because that issue was undisputed.  Nevertheless, the court modified the first sentence regarding 1,250 hours and included it in Instruction Number 22.

The court's Instructions 21 and 25 deal with the threshold matter of whether the defendant interfered with plaintiff's FMLA rights, and thus, the court declined to provide a causation element on these instructions. Instruction 27 provides for damages and the court provided causation language in this instruction consistent with section 2617(a)(1)(A)(i)(I). Thus, the jury could find a violation of the FMLA, but could only assess damages if plaintiff suffered prejudice in the form of wages, salary, employment benefits, or other compensation lost "by reason of" a violation of the FMLA. *Id.* Finally, the court notes that subsection (II) is not applicable here because plaintiff has requested back pay and benefits under the first subsection, and the second subsection only applies in a case where back pay and benefits have not been denied or lost. 29 U.S.C. § 2617(a)(1)(A)(i)(II). Accordingly the court also declined defendant's request to use the term "direct" in Instruction 27.

Finally, the court declines to impose sanctions against plaintiff for her failure to meet and confer prior to filing the motions *in limine*.

Dated this 27th day of August, 2014.

WILLIAM M. MCCOOL
Clerk

s/Rhonda Stiles
Deputy Clerk