1
2
3
4
5
6
7
8
9
10
11
12
13  UNITED STATES DISTRICT COURT
14  WESTERN DISTRICT OF WASHINGTON
15
16
17  JILL ALEXANDER, an individual,
18
19                    Plaintiff,
20
21       v.
22
23  THE BOEING COMPANY, a corporation
24  doing business in the State of Washington,
25
26                    Defendant.
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

No. 2:13-cv-1369-RAJ

BOEING'S MOTION FOR COSTS

NOTED FOR MOTIONS CALENDAR:
October 3, 2014

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................ 1

II.    ARGUMENT .................................................................................................... 1

    A.    As the Prevailing Party, Boeing Is Entitled to Recover Costs ............................. 1

    B.    Boeing Is Entitled to Recover All Requested Costs ............................................ 1

        1.    Deposition costs ................................................................................... 2

        2.    Copying costs ....................................................................................... 2

        3.    Filing fee .............................................................................................. 3

III.   CONCLUSION ................................................................................................ 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# I.    INTRODUCTION

Defendant The Boeing Company respectfully submits this motion to recover costs from Plaintiff Jill Alexander pursuant to Rule 54(d) of Federal Rule of Civil Procedure ("Rule 54(d)") and Local Civil Rule 54(d) of the Local Rules of the Western District of Washington ("LCR 54(d)") for deposition expenses, copying costs, and filing fees.  As the prevailing party in this action, Boeing is entitled to and respectfully requests an award of costs in the amount of $2,233.80.  The specific costs that Boeing seeks to recover are enumerated in the accompanying Bill of Costs and Declaration of Arunas Bura, filed herewith.

# II.    ARGUMENT

## A.    As the Prevailing Party, Boeing Is Entitled to Recover Costs.

A "prevailing party" in civil litigation is entitled to costs other than attorneys' fees as a matter of course, unless the court directs otherwise.  *See* Fed. R. Civ. P. 54(d)(1); *Delta Air Lines v. August*, 450 U.S. 346, 351 (1981).  Ms. Alexander filed this action against Boeing alleging claims of disability discrimination and violations of the Family and Medical Leave Act ("FMLA").  This rule "creates a presumption in favor of awarding costs to a prevailing party." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014).  On August 27, 2014, the Court issued an Order entering judgment in favor of Boeing on all Ms. Alexander's claims. Dkt. #91.  Accordingly, Boeing is the prevailing party, and an award of costs is warranted.  *See* Fed. R. Civ. P. 54(d); LCR 54(d)(1); *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009).

## B.    Boeing Is Entitled to Recover All Requested Costs.

Under LCR 54(d)(3)(D), "costs shall be taxed in accordance with 28 U.S.C. § 1920," which allows costs for, inter alia, "Fees of the clerk," 28 U.S.C. § 1920(1), "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case," *id.* § 1920(2), and "Fees for exemplification and the costs of making copies of any materials where the copies are

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

necessarily obtained for use in the case," *id.* § 1920(4). The party opposing the award of costs bears the burden of demonstrating why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). Boeing is entitled to recover its costs enumerated below.

### 1.    Deposition costs

Boeing seeks to recover expenditures for the deposition of Ms. Alexander. Boeing used this deposition transcript at trial to obtain a complete defense verdict against Ms. Alexander. *Morrissey v. Cnty. Tower Corp.*, 568 F. Supp. 980, 982 (E.D. Mo. 1983) (taxable fees include the fee for the court reporter's presence, the notary's fee, and the court reporter's fee for providing the transcript). The total cost for this deposition transcript was $1,474.10. Declaration of Arunas Bura ("Bura Decl.") ¶ 2.

Boeing's deposition costs are recoverable. A prevailing party may recover the costs of obtaining deposition transcripts where they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998) ("Deposition costs are taxable if they are reasonably necessary for trial."); *Politte v. United States*, No. 07CV1950 AJB WVG, 2012 WL 4845566, at *3 (S.D. Cal. Oct. 10, 2012) ("[T]he question is whether the deposition costs Plaintiffs oppose were necessarily obtained for use in the case; specifically whether the depositions, at the time they were taken, could reasonably have been expected to be used for trial preparation."). A deposition transcript is "necessarily obtained" where it is actually used at trial for impeachment. *See Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 679 (9th Cir. 1963). Boeing used Ms. Alexander's deposition transcript at trial to impeach Ms. Alexander's testimony. Boeing is therefore entitled to recover the costs of $1,474.10 associated with this necessary deposition of the Plaintiff.

### 2.    Copying costs

Boeing incurred costs in the amount of $359.70 for copies of exhibits prepared for trial. Bura Decl. ¶ 3. These costs are recoverable under 28 U.S.C. § 1920(4), which provides for

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  To be taxable, such documents need not have been used in the case or admitted into evidence.  *See Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990); *Neely v. General Elec. Co.*, 90 F.R.D. 627, 630 (N.D. Ga. 1981).  Accordingly, Boeing is entitled to cover copying costs in the amount of $359.70.

### 3.  Filing fee

Finally, Boeing is entitled to recover its costs associated with the removal of this case to federal court.  *See* Dkt. #1.  A prevailing party may recover the "[f]ees of the clerk." 29 U.S.C. § 1920(1).  Such fees include removal fees.  *See, e.g.*, *Gordon v. Prudential Fin. Inc.*, No. 06CV02304-IEG(WMC), 2009 WL 188886, at *4 (S.D. Cal. Jan. 23, 2009) ("the costs of removing a case from state to federal court are 'taxable costs' under § 1920") (collecting cases); *see also* LCR 54(d)(1) ("The fees referred to in this section refer to filing fees . . . .").  Boeing paid a filing fee of $400.00 to remove this case to federal court.  Bura Decl. ¶ 4.  This removal fee is recoverable under § 1920 and LCR 54(d).

### III.  CONCLUSION

For the foregoing reasons, Boeing respectfully requests an award of costs in the amount of $2,233.80.


DATED:  September 10, 2014

By:  *s/ James Sanders*
By:  *s/ Zachary P. Jones*
James Sanders #24565
Zachary P. Jones #44557
**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  JSanders@perkinscoie.com
          ZJones@perkinscoie.com
Attorneys for Defendant The Boeing Company

BOEING'S MOTION FOR COSTS
(No. 2:13-cv-1369-RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

03002-1688/LEGAL123443895.1

# CERTIFICATE OF SERVICE

On the date indicated below, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following document:

## BOEING'S MOTION FOR COSTS

| | |
|---|---|
| Reba Weiss, WSBA #12876 | **___** Via Hand Delivery |
| Andrea Scheele, WSBA #36773 | **___** Via U.S. Mail, 1st Class, Postage |
| Sara B. Amies, WSBA #36626 | Prepaid |
| Teller & Associates | **___** Via Overnight Delivery |
| 1139 34th Avenue, Suite B | **___** Via Email |
| Seattle, WA 98122 | |
| Reba@stellerlaw.com | **_X_** Via E-filing |
| AndreaS@stellerlaw.com | |
| Sara@stellerlaw.com | |
| Tel. (206) 324-8969 | |
| Fax (206) 860-3172 | |

Attorneys for Plaintiff

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 10th day of September, 2014.

*s/ Julie DeShaw*
_____
Julie DeShaw
Legal Secretary

CERTIFICATE OF SERVICE (No. 2:13-cv-1369-RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

03002-1688/LEGAL123443895.1